## GEO. M. FISH, Jr., *vs.* JAMES TONER.

### March 7, 1889.

**Unlawful Detainer — Dismissal on Appeal — Restitution.** — Upon proceedings in justice court, under the statute relating to the unlawful detainer of lands, the plaintiff recovered judgment and the possession of the premises. The defendant having appealed to the district court, the action was dismissed, upon motion of the plaintiff. *Held*, that in the judgment of dismissal it was proper to award restitution of possession to the defendant.

Appeal by plaintiff from a judgment of the district court for Traverse county, and from an order by *C. L. Brown*, J., denying his motion to modify the judgment.

*Cliff & Crawford* and *J. C. Grace*, for appellant.

*J. W. Reynolds*, for respondent.

DICKINSON, J. This proceeding was instituted in justice court under Gen. St. 1878, c. 84, for an alleged unlawful entry and detainer

of real property.   In that court, judgment of restitution in favor of
the plaintiff was rendered, and carried into execution.   The defend-
ant appealed to the district court upon questions of law and fact.
The cause coming on to be heard in that court, the plaintiff moved
that the action be dismissed.   Judgment was entered upon such mo-
tion, dismissing the action, and awarding restitution of the premises
to the defendant.   The plaintiff, having appealed from that judg-
ment, and from an order denying a modification of it by striking out
that part of the judgment awarding restitution, now claims that that
part of the judgment was unauthorized.

The judgment was right.   This proceeding, pursuant to the stat-
ute, was designed for the purpose of recovering the possession of real
estate by judicial means.   The plaintiff recovered possession from
the defendant only through the judgment of the justice's court.   Upon
the cause being appealed to the district court, the cause became *lis
pendens* in that court.   The plaintiff, who was the respondent in that
court, should not be heard to ask and obtain the dismissal of his ac-
tion, and at the same time retain the property which he had acquired
only by means of the judgment, upon which alone, so far as appears,
his right of possession rested.   But the result would be the same
whether the action was dismissed upon the motion of the plaintiff,
or for any other sufficient cause.   This was the same action in which
the judgment of restitution had been rendered.   Upon the dismissal
of the action the judgment could no longer stand, and the property,
which had been delivered to the plaintiff only by force of the judg-
ment, should be restored.

Judgment affirmed.