Marian SCHATZ, Respondent,

v.

Cynthia DAVIS, Appellant.

No. C3–83–1772.

Court of Appeals of Minnesota.

Sept. 11, 1984.

---

1. The modification could also be considered unconscionable under Minn.Stat. § 336.2–302 (1982).

Robert E. Salmon, Meagher, Geer, Markham, Anderson, Adamson, Flashkamp & Brennan, Minneapolis, for respondent.

Robert M. Greising, Waterville, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

The trial court found appellant guilty of unlawful detention and possession of rental property and ordered immediate restitution and possession of the property to respondent. Appellant claims the trial court's finding of unlawful detention was error because respondent did not furnish appellant written notice to vacate the premises.

## FACTS

On August 29, 1983, appellant and her husband entered into a purchase agreement with respondent for the sale of real estate. The contract was contingent upon appellant's ability to obtain financing. The parties then agreed appellant could rent the property pending the approval of financing.

After appellant moved into the premises, a disagreement arose concerning the terms of the rental agreement. Essentially, the parties disagreed whether appellant should pay a $200.00 security deposit. Appellant refused to sign a rental agreement because of the $200.00 deposit requirement. The evidence was conflicting whether appellant tendered the rental payment. The trial court found appellant guilty of unlawful detention of the property and ordered im-

mediate restitution and possession of the property to respondent.

The respondent did not file a brief, but appeared at oral argument. We determine this matter pursuant to Minn.R.Civ.App.P. 142.03.

### ISSUE

Whether written notice to quit and vacate under Minn.Stat. § 504.06 (1982) was a condition precedent to the trial court's finding appellant guilty of unlawful detention?

### ANALYSIS

1. The issue whether appellant was entitled to written notice to quit under Minn.Stat. § 504.06 (1982) before the trial court could find appellant guilty of unlawful detention was not raised at the trial court level.

A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.

*Thayer v. American Financial Advisors, Inc.*, 322 N.W.2d 599, 604 (Minn.1982). Appellant's failure to make a proper record precludes the issue from being raised on appeal. *Del Hayes & Sons, Inc. v. Mitchell*, 304 Minn. 275, 288, 230 N.W.2d 588, 596 (1975); *see also Republic National Life Insurance Co. v. Lorraine Realty Corp.*, 279 N.W.2d 349, 355 n. 2 (Minn. 1979).

2. Appellant did not make a motion for a new trial. Appellant's failure to make a motion for a new trial also precludes consideration of this issue. The Minnesota Supreme Court stated in *Gruenhagen v. Larson*, 310 Minn. 454, 246 N.W.2d 565 (1976):

[O]n appeal from a judgment where there has been no motion for a new trial the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment.

*Id.* at 458, 246 N.W.2d at 569; *see Pierce v. National Farmers Union Property &*

*Casualty Co.*, 351 N.W.2d 366 (Minn.Ct. App.1984) (purpose of motion for new trial is to permit correction of errors by trial court and avoid expense of appeal). Since the evidence concerning whether appellant ever tendered rent was conflicting, the trial court's finding that appellant was guilty of unlawful detention is not clearly erroneous. *See* Minn.R.Civ.P. 52.01.

### DECISION

The trial court's finding of unlawful detention was not clearly erroneous.

Affirmed.