Gary James MORRISON, Respondent,

v.

Charles Thomas KURAK, defendant and third party plaintiff, Respondent,

v.

STATE of Minnesota, DEPARTMENT OF TRANSPORTATION, third party defendant, Respondent,

v.

STATE of Minnesota, intervenor, Appellant.

No. C7–86–929.

Court of Appeals of Minnesota.

Oct. 14, 1986.

---

John M. Steele, V. Owen Nelson, Minneapolis, Carol A. Kubic, Edina, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Louis Hoffman, Spec. Asst. Atty. Gen., St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and LESLIE, JJ.

## MEMORANDUM OPINION

PARKER, Judge.

Respondent Gary Morrison, an employee of the State of Minnesota, received worker's compensation benefits from the State for a herniated disc suffered in an automobile accident during the course of his employment. After Morrison filed a third-party claim against the other motorist and settled for policy limits of $25,000, he moved the district court for an order allocating the entire $25,000 as and for non-recoverable costs, pursuant to Minn.Stat. § 176.061 (1984) and *Henning v. Wine-man*, 306 N.W.2d 550 (Minn.1981). The State moved to intervene in order to protect its subrogation interest. After an informal proceeding in chambers with no record, the district court issued an order, without any findings, granting the State's motion to intervene but allocating the entire $25,000 to Morrison as and for non-recoverable claims. The State appeals that order. We affirm.

## ISSUE

May an appellant raise issues for the first time on appeal which were not raised at the trial court?

## DISCUSSION

On appeal the State claims it is entitled to "due process by analogy" and that the trial court's failure to hold a full evidentiary hearing on the record and provide findings of fact violated that "right." At no time during the trial court proceeding, however, did the State object to the procedures followed or request more formal proceedings. Because this court will not address issues that were not raised at the trial court, *Schatz v. Davis*, 354 N.W.2d 522, 524 (Minn.Ct.App.1984), we affirm the trial court and need not address the issues raised by the State.

We do note, without granting, that even if the State were entitled to "due process by analogy," it did have sufficient notice and an opportunity to be heard in this case. Morrison's motion for an allocation hearing afforded the State six weeks' notice of the hearing. In addition, the State had access to all of the pertinent facts, including the complete worker's compensation file, and had ample time to request any additional information it needed. Nonetheless, the State failed to serve any responsive papers to Morrison's motion, present any evidence in support of its subrogation claim, ask for formal procedures or a record, or ask to cross-examine Morrison. The State now asks this court to cure the State's own failure to act, rather than any failure of the trial court.

## DECISION

The State may not raise issues for the first time on appeal which were not raised below.

Affirmed.