**In re the Marriage of David R. SINA, Petitioner, Appellant,**

v.

**Janet A.G. SINA, Respondent.**

**No. C7–86–1711.**

Court of Appeals of Minnesota.

March 17, 1987.

David R. Sina, pro se.

Frank T. Mabley, St. Paul, for respondent.

Considered and decided by WOZNIAK, P.J., and LESLIE and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Appellant David Sina appeals from the trial court's order denying his countermotion requesting sole physical custody of the parties' children and denying his motion to allow his children to accompany him to his church. We affirm.

### FACTS

David and Janet Sina were legally divorced on January 9, 1984. The parties were awarded joint legal custody of their three minor children, ages 11 to 13 years. Janet was granted sole physical custody of the children, with David having bi-weekly visitation.

Each party made dealing with the other party extremely difficult. Janet refused to give David any information about the children. For example, she did not timely notify David of one son's brain tumor and surgery, nor of their other son's surgery resulting from a dog bite.

David, a law school graduate acting pro se, brought several different actions based on the dissolution, including a defamation action against Janet's attorney. Under each action, David instituted many proceedings, including motions, trials, and appeals too numerous to mention.

During the marriage, Janet was Lutheran and often took the children to her church; David was Catholic and also often took the children to his church. The original decree stated "[t]he children of the parties shall continue to be raised in the

Lutheran faith but will be exposed to the Catholic faith with [David]." After the dissolution, however, David began attending a church of a different denomination. Janet objected to submitting the children to yet a third religion, particularly because the children were at confirmation age in the Lutheran church.

David brought several motions to amend the decree to allow his children to accompany him to the church of his choice. Each time, family court referees and trial court judges denied his motions, stating that exposure to a third religion would confuse the children.

Following David's many motions, Janet brought a motion to limit David's visitation. In response, David again requested a change in custody and further review of the religion issue. Based on the several previous orders denying David's motions on the merits, the trial court denied his request for an evidentiary hearing on these issues.

## ISSUES

1. Did the trial court err in denying appellant's request for an evidentiary hearing to determine whether sole physical custody should be taken from respondent and awarded to appellant?

2. Did the trial court err in denying appellant's motion to allow him to take his children to the church of his choice during his visitation periods?

3. Did the trial court err in failing to strike respondent's responsive affidavits?

4. Is an award of attorney's fees appropriate?

## ANALYSIS

■ 1. David requested a modification of custody awarding him custody of the children. Similar motions by David had been denied many times within the two-year period prior to David's last motion. Absent a written stipulation by the parties, no subsequent motion may be filed within two years after the disposition of the prior motion on its merits. Minn.Stat. § 518.-18(b) (1986).

An exception to this rule exists if there is a "persistent and willful denial or interference with visitation," or reason to believe that the children's present environment may endanger their physical or emotional health or impair their emotional development. *Id.* § 518.18(c). Even if these conditions exist, David must also show a change in circumstances since the initial decree or the last hearing. *Id.* § 518.18(d).

David states the incidents of willful frustration of visitation are numerous, yet he lists only two incidents of denied visitation. Both incidents concerned the children's church attendance, and under the April 25, 1985 order, the children were to attend Lutheran Sunday School and were *not* to attend David's church. On both incidents, respondent states the children were in David's care within an hour of the appointed time.

One trial court previously evaluating the visitation stated:

That visitation must accommodate attendance of the children at Sunday School, confirmation class, and other religious activities which constitute their religious training; that the visitation schedule must be changed if it interferes with the regular attendance of the children or Petitioner is unable to deliver and pick up the children for church activities.

Relying on this order, the trial court found that these incidents did not constitute a willful and persistent denial of visitation. We agree.

David also makes assorted allegations of danger to the emotional or physical health of the children. *See id.* § 518.18(c). His only meritorious argument is that Janet refuses to advise him of the children's medical treatment, thereby violating the dissolution decree provision requiring that the parties "jointly consider and decide all nonemergency major decisions regarding the children, especially in the area of health care." While this is a significant problem, the failure to consult him regarding the

children's medical problems did not constitute physical or emotional endangerment of the children. It should not be repeated.

Even if David could prove denial of visitation or mental endangerment, he must also show a change in circumstances concerning the children since the last hearing. *See id.* § 518.18(d). David had consistently alleged that he was denied visitation and not informed of medical treatment. These issues have been heard several times before the family court referees and trial courts. Thus, he failed to establish a change in circumstances. The trial court's denial of an evidentiary hearing was not clearly erroneous when David was unable to raise allegations sufficient to warrant a hearing.

■ 2. With regard to religious training, in previous motions trial courts and referees have held that the children should not be exposed to a third religion, one judge stating:

> that the provision of the Judgment and Decree was consistent with the pattern established under the marriage; that the time for services in the Lutheran church and [David's] new church services are the same; that attending [David's] church will deprive the children of attending services at the church of their primary religious training; that such attendance by the children would also deprive them of the religious training and continuity in the preparation for confirmation, at this time, and future church programs; that exposure of the children to a third religion will result in confusion and dilution of their basic religious training; that the period of preparation for confirmation is a milestone in the religious training of the children, that it is not in the best interests of the children to introduce them to a third religion, which will interfere in their full concentration and participation in their basic religious training, and that petitioner's motion to amend paragraph 2d of the Judgment and Decree entered on January 9, 1984, [by requesting that the children be al-

lowed to attend his church] should be denied.

Based on the record, we agree.

We acknowledge and strongly support the constitutional freedom of individuals as expressed by the first amendment to pursue the religion of their choice and expose their children to their religion. Because of the parties' agreement in the dissolution, however, the parties have put the issue of the children's best interests before the court, and absent a clearly erroneous determination of the child's best interests, we are obligated to affirm that decision. In this case, the trial court was not clearly erroneous in finding that subjecting the children to a third religion at this point in their lives would be confusing and detrimental.

■ 3. David argues that the trial court erred in failing to strike Janet's affidavits because they were served the day of the hearing. David's affidavits, served only one day before the hearing, were also untimely. *See* Minn.R.Civ.P. 5.04; Second Judicial District Special Rule 17, § 3.02. In addition, a party must establish prejudice to substantial rights, or the late service of documents does not preclude their use by the trial court. *See* Minn.R.Civ.P. 61. Absent a claim of prejudice by either party, the trial court did not err in considering the affidavits.

■ 4. Janet requests an award of attorney's fees under Minn.Stat. § 549.21 (1986) which allows attorney's fees if a party acted in bad faith or asserted a frivolous cause. While David has brought frivolous suits and motions, Janet failed to request attorney's fees at the trial court level. She cannot request fees based on the frivolous actions in the trial court when she did not raise that issue at the previous hearings. *See Morrison v. Kurak,* 394 N.W.2d 237, 238 (Minn.Ct.App.1986).

Regarding this specific appeal, David raises legitimate issues and we decline to award attorney's fees based on this appeal. Moreover, Janet's actions in refusing to inform David of the children's medical care

is as disturbing to us as David's actions. We decline to award either party attorney's fees.

## DECISION

The trial court's order denying David's request for an evidentiary hearing is affirmed.

Affirmed.