**Mary Ann SCROGGINS, Respondent,**

v.

**Frank SOLCHAGA, Appellant.**

**Frank SOLCHAGA, Appellant,**

v.

**Mary Ann SCROGGINS, Respondent.**

**Nos. C1–95–2280, C3–95–2281.**

Court of Appeals of Minnesota.

July 16, 1996.

Review Denied Oct. 29, 1996.

**250**

Elizabeth M. Pierce, Messinger, Ojile & Pierce, Minneapolis, for respondent.

Kenneth R. Hertz, Hertz and Associates, St. Anthony, for appellant.

Considered and decided by KLAPHAKE, P.J., and SCHUMACHER and SCHULTZ*, JJ.

## OPINION

SCHUMACHER, Judge.

This is a consolidated appeal from an action by appellant Frank Solchaga (tenant) against respondent Mary Ann Scroggins (landlord) and landlord's unlawful detainer action against tenant. Tenant claims that in his action, the district court applied the wrong statute, should have ordered rent abatement, and should have awarded him attorney fees. Tenant also challenges the

*Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-

entry of a default judgment in the unlawful detainer action. We affirm.

## FACTS

Landlord leased a house to tenant in 1984. The parties' relationship later deteriorated because of tenant's complaints about the property's condition. In 1992, landlord increased the rent, promising repairs. Some repairs were completed, others were not. The parties blamed each other for the repairs that were not completed.

Because the house lacked air conditioning, tenant put a sprinkler on the roof to cool the house in the summer. Later, the roof leaked. In an October 1994 letter to landlord, tenant said that he would not pay rent until repairs had been completed and that he would put the rent in the bank. Tenant then moved off the premises he leased from landlord, moved in with his girlfriend, used the premises leased from landlord primarily for storage, and spent about one night a week at the leased premises.

In March 1995, landlord sent tenant notice to quit the property. Landlord filed an unlawful detainer action in May. Tenant defended, claiming the property violated the covenant of habitability. Tenant sought a 70 percent rent abatement, retroactive to 1984. After an August trial of the unlawful detainer action to a jury, the jury returned a special verdict in tenant's favor, finding that between October 1, 1994 and April 30, 1995, the premises were not fit for their intended purpose or in reasonable repair and that landlord's notice to quit was not unrelated to tenant's complaints about the property.

On August 30, 1995, landlord mailed tenant notice to quit the property by September 30. On September 1, 1995, tenant filed an action seeking attorney fees and retroactive rent abatement. Tenant thereafter deposited with the court the rent due since he stopped paying rent in 1994. Tenant also paid rent to the court as it came due. A hearing in tenant's action occurred on September 22, 1995, after which the district court viewed

pointment pursuant to Minn. Const. art. VI, § 10.

the property. In early October, landlord started a second unlawful detainer action and tenant went on vacation. In an October 13, 1995, order in tenant's action, the district court found, based on the jury verdict in the first unlawful detainer action, that the property violated the covenant of habitability. The district court denied tenant's requests for retroactive rent abatement and attorney fees, released to landlord most of the money held by the court, and ordered repairs.

Tenant did not appear at the October 17 hearing in the second unlawful detainer action and a default judgment was entered against him. This court consolidated tenant's appeals of the October 13 order and the October 17 unlawful detainer judgment.

## ISSUES

1. Did the district court err in releasing to landlord funds held by the court and ordering landlord to repair the property rather than ordering retroactive rent abatement?

2. Is tenant's appeal from the second unlawful detainer judgment moot?

3. Did the district court err in entering a default judgment in the second unlawful detainer action?

## ANALYSIS

■ 1. Under Minn.Stat. § 566.34, subd. 10(a)(2) (1994), the October 13 order released to landlord funds held by the court and ordered landlord to repair the property. Tenant claims that the district court erred by releasing the funds under Minn.Stat. § 566.34 (1994) because he filed his action under Minn.Stat. §§ 566.18–.33 (1994) and because Minn.Stat. § 566.25, which describes the district court's options in proceedings under Minn.Stat. §§ 566.18–.33, does not allow release of funds held by the court.

The provisions under which tenant sued assume that he is paying rent to landlord when he sues. See Minn.Stat. §§ 566.25(b) (district court may order tenant to repair

property and deduct cost from rent); 566.25(d) (district court may abate rent); 566.27 (owner's right to rent is suspended if, after tenant's complaint is proved, district court appoints administrator for property). The provision under which the district court granted relief sets out a procedure for a tenant to deposit rent in escrow with the court. Minn.Stat. § 566.34, subd. 2. Here, however, tenant did neither; in 1994 he stopped paying rent to landlord and put the money in the bank. Thus, neither Minn.Stat. §§ 566.18–.33 nor Minn.Stat. § 566.34 precisely fits this case. The district court's release to landlord of the funds held by the court, however, is affirmable under either analysis.

■ The provision that the district court applied states that "all or a portion of the rent in escrow [may] be released for the purpose of remedying the violation * * *." Minn.Stat. § 566.34, subd. 10(a)(2). The provision tenant claims the district court should have applied does not specifically allow rent held by the court to be released to a landlord but, after listing various specific remedies, it states that the district court may "[g]rant any other relief the court deems just and proper * * *." Minn.Stat. § 566.25(f). Therefore, the statute tenant claims the district court should have applied confers on the district court the discretion to employ remedies not listed therein. To read the statute otherwise would improperly render the "other relief" clause meaningless. See Minn.Stat. § 645.16 (1994) (law is construed, "if possible, to give effect to all its provisions").

■ Tenant claims that the district court should have awarded him retroactive rent abatement instead of releasing funds to landlord for repair purposes.[1] Under both Minn. Stat. § 566.25 and Minn.Stat. § 566.34, subd. 10, the district court "may, in its discretion," order one or more of several possible remedies including rent abatement. Minn.Stat. §§ 566.25(d); 566.34, subd. 10(a)(1). The statutes' use of "may" combined with their

---

1. We do not address tenant's claims that the district court erred in not letting the abatement issue go to the jury in the first unlawful detainer action. Neither party appealed in that action and the time to appeal the August 1995 judgment

therein has expired. See Duluth Ready–Mix Concrete, Inc. v. City of Duluth, 520 N.W.2d 775, 777 (Minn.App.1994) (time to appeal unlawful detainer judgment is 10 days from entry).

non-exclusive lists of remedies show that no particular remedy is mandatory and that the district court has broad discretion to select the remedy appropriate to the facts of the case. *Compare* Minn.Stat. § 645.44, subd. 15 (1994) (" '[m]ay' is permissive") *with* Minn. Stat. § 645.44, subd. 16 (1994) (" '[s]hall' is mandatory").

Tenant cites *Fritz v. Warthen,* 298 Minn. 54, 57–58, 213 N.W.2d 339, 341 (1973) to argue that the covenant to pay rent is dependant upon the covenant of habitability and that the district court's conclusion that the property violated the covenant of habitability entitled him to rent abatement. *Fritz,* however, addresses the payment of rent in the context of an unlawful detainer action. It does not cite Minn.Stat. § 566.25 or address a district court's discretion in an action by a tenant under Minn.Stat. § 566.18–.33. Further, section 566.34, along with its discretionary abatement provision, became effective after *Fritz,* which apparently expected its ruling to be modified. *See id.,* 298 Minn. at 61 n. 5, 213 N.W.2d at 343 n. 5 (regarding posting rent with court, supreme court "expect[ed]" additional rules to be adopted "as experience dictates"). Given the post-*Fritz* permissive language in the statute, the associated discretion of the district court in selecting a remedy, and *Fritz*'s expectation that its holding would be modified, we cannot say that, as a matter of law, *Fritz* requires rent abatement here.

Tenant claims that in his action, the district court's finding that he did not comply with the correct procedure for an escrow of rent is "clearly erroneous" under *Fritz. See* Minn.R.Civ.P. 52.01 (findings of fact not set aside unless clearly erroneous). As noted, however, *Fritz* predates Minn.Stat. § 566.34.

■ On this record, some of the property's problems may have been caused, prolonged, or exacerbated by tenant and we see no abuse of the district court's discretion in refusing to use the property's condition as a basis for ordering retroactive rent abatement, particularly in light of the promise on landlord's behalf to abide by any district court order for repairs. If tenant had either paid rent to landlord or put the rent in escrow with the court, money would have

been available for repairs. Also, landlord's handyman stated that when he tried to repair the property, tenant threatened him with arrest, and tenant admits to "hinting" at calling the police if landlord's handyman arrived on the property. Further, landlord's handyman stated that tenant caused much of the leaky roof problem by putting a sprinkler on the roof. The fact that some of the property's problems may have been tenant's fault also leads us to conclude that the district court did not abuse its discretion in its refusal to award tenant attorney fees. *See* Minn.Stat. §§ 566.25(f) (court has discretion to order landlord to pay "reasonable attorney fees, not to exceed $500"); 566.34, subd. 10(a)(1) (allowing relief "as provided in section 566.25").

■ The parties dispute the weight to be given the judge's viewing of the premises. Neither Minn.Stat. §§ 566.18–.33 nor Minn. Stat. § 566.34 addresses whether a judge may view the premises. In civil actions, factfinders may view a site to better understand the evidence and the fact-finder's "decision will not be reversed if it is clear that [it] did not gather evidence." *MT Properties, Inc. v. CMC Real Estate Corp.,* 481 N.W.2d 383, 390 (Minn.App.1992). Here, while the district court inspected the property, there is nothing to indicate that the district court gathered its own evidence. Therefore, we cannot say that the district court's viewing of the property improperly impacted its order.

■ Tenant also claims that the judge's comments in the first unlawful detainer action show that he was prejudiced against tenant in his action. As noted, under both the provisions pleaded by tenant and the provision under which the district court granted relief, whether to release funds held by the court and whether to order rent abatement are discretionary decisions. Because the remedy ordered by the district court was within its discretion, even if the judge was prejudiced, and we do not hold that he was, that prejudice was harmless. *See* Minn.R.Civ.P. 61 (harmless error ignored).

■ 2. Tenant challenges the second unlawful detainer judgment. Landlord argues

that because she enforced her writ of restitution, tenant's claims regarding that action are moot under *Lanthier v. Michaelson,* 394 N.W.2d 245 (Minn.App.1986), *review denied* (Minn. Nov. 26, 1986). *Lanthier* is distinguishable. It involved a voluntary vacation of the premises. *Id.* at 246. In *Fisk v. Toner,* 40 Minn. 211, 212, 41 N.W. 972, 972 (1889), as here, an unlawful detainer plaintiff recovered possession of property through an unlawful detainer judgment. There, the defendant appealed to district court, where the plaintiff sought to dismiss the case. *Id.* The district court dismissed the case and awarded possession of the property back to the defendant. *Id.* The plaintiff appealed the re-restitution of the premises to the defendant. *Id.* The supreme court ruled that because the plaintiff obtained possession of the property "only by force of the judgment," and because that judgment "could no longer stand" after dismissal of the underlying action, the re-restitution of the premises to the defendant "was right." *Id.* Where a landlord's right to possession of property rests only on an unlawful detainer judgment, execution of the associated writ of restitution does not moot an appeal of the underlying judgment. *Cf. Pushor v. Dale,* 242 Minn. 564, 567, 66 N.W.2d 11, 13 (1954) (in unlawful detainer appeal, supreme court notes landlord executed writ of restitution while appeal was pending).

■ 3. Tenant claims that the second unlawful detainer judgment was wrongly entered because the notice to quit and unlawful detainer summons were not properly served, the second unlawful detainer action was retaliatory, and landlord lost her ability to evict tenant when the court accepted rent paid into the court. Landlord claims that tenant did not make a timely new trial motion and that the issues tenant now seeks to raise on appeal were not preserved for appeal. In unlawful detainer actions, "it is unnecessary to bring a motion for a new trial to preserve issues on appeal." *Minneapolis Pub. Hous-*

*ing Auth. v. Greene,* 463 N.W.2d 558, 560 (Minn.App.1990).[2]

■ The second unlawful detainer judgment is a default judgment. On appeal of a default judgment, the party in default may not deny facts alleged in the complaint when those facts were not put into issue in the district court, assert facts on appeal not asserted in the district court, or raise procedural irregularities not raised below, if adequate relief was available by motion to the district court. *Thorp Loan & Thrift Co. v. Morse,* 451 N.W.2d 361, 363 (Minn.App.1990), *review denied* (Minn. Apr. 13, 1990). Because tenant did not appear in the second unlawful detainer proceeding until after judgment was entered, none of the facts in landlord's complaint were put in issue. We note that we do not consider tenant's post-judgment filings because we review the unlawful detainer judgment on the record as it existed when the district court made its decision. *See Dalco Corp. v. Dixon,* 338 N.W.2d 437, 440 (Minn.1983) (record did not remain open after summary judgment hearing even though summary judgment ruling lacked language making judgment final).

■ There is nothing facially wrong with the district court's issuance of the default unlawful detainer judgment. *See* Minn. Stat. § 566.03, subd. 1(3) (1994) (unlawful detainer judgment may be issued if tenant at will holds over after notice to quit). Also, tenant's claims regarding the propriety of service and whether the second unlawful detainer action was retaliatory, are factual. Appellate courts do not address factual claims. *Kucera v. Kucera,* 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1966). The other issue tenant raises, receipt of rent by the court, does not preclude an unlawful detainer action. *See* Minn.Stat. § 566.34, subds. 9, 10(a)(3) (actions under Minn.Stat. § 566.34 may require that rent be deposited with court and "must be" consolidated with pending unlawful detainer actions involving same parties).

---

2. To read *Schatz v. Davis,* 354 N.W.2d 522, 524 (Minn.App.1984) to support landlord's argument that new trial motions are required to preserve issues for appeal in unlawful detainer actions would take *Schatz* out of context. *Schatz* merely restates "the bedrock principal of appellate practice" that issues must be preserved in district court if they are to be addressed on appeal. *Tonkaway Ltd. Partnership v. McLain,* 433 N.W.2d 443, 444 (Minn.App.1988).

## DECISION

It was not an abuse of the district court's discretion to release funds held by the court and order landlord to repair the property rather than order rent abatement. Also, the second unlawful detainer action is not moot solely because landlord has enforced a writ of restitution and there are no facial deficiencies in the entry of a default judgment in the second unlawful detainer action.

**Affirmed.**