Melony MICHAELS, et al., Respondents,

v.

FIRST USA TITLE, LLC, Appellant,

Centennial Mortgage and Funding, Inc., et al., Defendants.

No. A13–0757.

Court of Appeals of Minnesota.

March 17, 2014.

Michael W. Lowden, Shari L. Lowden, Lowden Law Firm, LLC, Minnetonka, MN, for respondents.

Wayne B. Holstad, Holstad & Knaak, PLC, St. Paul, MN, for appellant.

Considered and decided by CHUTICH, Presiding Judge; WORKE, Judge; and LARKIN, Judge.

## OPINION

WORKE, Judge.

Appellant title insurance company challenges the district court's finding that a notary public who negligently notarized signatures on fraudulent home mortgages was appellant's agent. We affirm.

## FACTS

Larry Maxwell and Jerome KingRussell stole respondent John Foster's identity and used it to obtain four fraudulent mortgages. At each closing, Maxwell acted as the real-estate agent, and KingRussell impersonated Foster. Janie Coates, a notary public who had no knowledge of the fraud, acted as the closing agent. The incidents were part of a larger mortgage-fraud ring led by Maxwell that fraudulently obtained more than $2 million in the mid–2000s. *State v. Maxwell*, 802 N.W.2d 849, 851 (Minn.App.2011). It is undisputed that the fraud caused enormous financial damage— amounting to nearly $850,000—to Foster and his wife, respondent Melony Michaels. They lost their access to credit, were declared in default, and had their credit-card balances accelerated. They subsequently lost dividends and interest on retirement accounts, suffered tax and insurance penalties, were forced to miss work, spent thousands of hours trying to remedy their finances, and incurred medical expenses treating significant mental-health consequences of the fraud.

Hennepin County District Court, File No. 27–CV–10–20167.

Respondents Foster and Michaels brought this suit against Maxwell, KingRussell, Coates, and appellant First USA Title, LLC ("First USA"), among others.[1] Respondents argued that First USA was liable because Coates, acting as its agent, was negligent in failing to verify KingRussell's identity. First USA maintained that Coates was not its agent.

Respondents moved for summary judgment. Coates did not oppose the motion. First USA opposed the motion and submitted the affidavit of Sheryl Aarnio, a founder of First USA, who testified that Coates "was never an employee of [First USA], nor was she an agent of [First USA]." The district court granted summary judgment on the question of Coates's negligence in favor of respondents, but ruled that there was a genuine issue of material fact as to whether she was an agent of First USA, and scheduled a bench trial. First USA chose not to participate in that trial.

After the trial, the district court found that First USA "used the services of [Coates] as a notary," and that Coates "testified without contradiction ... that at all pertinent times she acted as agent of First USA Title." The district court thus found that "[t]he evidence reflects that First USA Title, through Coates, notarized Foster's signature without proper proof of his identity." The district court entered judgment of $849,131.54 against First USA and others. First USA did not make any posttrial motions. This appeal followed.

## ISSUES

I. When a party fails to appear at trial and does not move for a new trial, what legal issues are properly preserved for appellate review?

II. When a party fails to appear at trial, can an appellate court consider evidence introduced in support of a motion for summary judgment?

III. Does the evidence sustain the findings of fact, and do the findings of fact sustain the district court's conclusions of law and judgment?

## ANALYSIS

### I.

■■■ The district court granted a default judgment against First USA. A default judgment is a "judgment entered against a defendant who has failed to plead or otherwise defend against the plaintiff's claim, often by failing to appear at trial." *Cole v. Metro. Council HRA,* 686 N.W.2d 334, 337 (Minn.App.2004) (quotation omitted). A default judgment may be entered against a non-appearing party when the plaintiff introduces sufficient evidence at trial to receive a judgment. *See, e.g., Pedersen v. Daly,* 307 Minn. 163, 164–65, 238 N.W.2d 620, 621–22 (1976) (affirming a district court's imposition of a default judgment in that context); *see also* 2 David F. Herr & Roger S. Haydock, *Minnesota Practice* § 55.4 (5th ed.2011) (stating that a party that "serves a responsive pleading but fails to appear at trial to litigate the matter or to contest the evidence" is not necessarily subject to entry of default judgment against it, because the participating party must still "present evidence to prove the allegations of the complaint"). Respondents presented uncontradicted evidence at the bench trial supporting their claim that Coates acted as First USA's agent.

In this appeal, First USA challenges the district court's conclusion that Coates act-

---

1. This lawsuit has a complicated procedural background. For clarity, we are limiting our discussion to the issues before us on appeal.

ed as its agent, but First USA made no posttrial motions. *See Thorp Loan & Thrift Co. v. Morse,* 451 N.W.2d 361, 363 (Minn.App.1990) (stating that, to preserve issues for appeal, a defaulting party should move the district court to vacate the judgment), *review denied* (Minn. Apr. 13, 1990). We favor posttrial motions to vacate default judgments because of their ability to "focus the district court's attention on the specifics of an objection," allow the district court to consider the context and possible effect of alleged errors on the outcome of the trial and to correct those errors, sharpen "critical aspects of the record" for appellate review, and occasionally eliminate the need for review altogether. *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.,* 664 N.W.2d 303, 309 (Minn.2003) (quotations omitted).

■ As a consequence of failing to make a posttrial motion to vacate a default judgment, a party appealing directly from a default judgment may bring only limited challenges. *Thorp Loan,* 451 N.W.2d at 363. The defaulting party cannot deny facts or assert facts not put into issue before the district court, or raise procedural arguments not raised below, "if adequate relief was available by motion to the district court." *Scroggins v. Solchaga,* 552 N.W.2d 248, 253 (Minn.App.1996), *review denied* (Minn. Oct. 29, 1996). Caselaw identifies only three appropriate issues for review on an appeal taken directly from a default judgment. First, we may consider whether the evidence supports the district court's findings of fact. *Nazar v. Nazar,* 505 N.W.2d 628, 633 (Minn.App.1993), *review denied* (Minn. Oct. 28, 1993). Second, we may consider whether those findings of fact support the conclusions of law and the judgment. *Id.* Third, we may review "substantive questions of law that were properly raised during trial." *Alpha Real Estate,* 664 N.W.2d 303, 310 (Minn.

2003); *Thorp Loan,* 451 N.W.2d at 363 (observing that "a defendant in default may argue for the first time on appeal" certain legal questions, including "that the plaintiff's complaint did not state a cause of action or that the relief granted was not justified by the complaint").

■ We turn first to identifying the substantive questions of law that were actually raised at trial and comparing them to the questions of law raised by First USA in this appeal. The function of this court "is limited to identifying errors and then correcting them." *Sefkow v. Sefkow,* 427 N.W.2d 203, 210 (Minn.1988) (citations omitted). It is not within an appellate court's scope of review to determine issues of fact. *Kucera v. Kucera,* 275 Minn. 252, 254–55, 146 N.W.2d 181, 183 (1966). We thus only review legal questions that the record demonstrates were actually raised in, and decided by, the district court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn. 1988); *see also In re Estate of Magnus,* 436 N.W.2d 821, 823 (Minn.App.1989) (applying that standard in the context of default judgments when no posttrial motions are made).

■ The general prohibition on raising new arguments on appeal parallels the reasoning favoring posttrial motions over appeals directly from a default judgment. Because we are not a fact-finding court, issues brought to us on review must have been identified, argued fully, and entered into the record at the district court level. *See Alpha Real Estate,* 664 N.W.2d at 309 (explaining that motions for a new trial help establish a proper record for appellate review). We also recognize the Minnesota Supreme Court's warning that, "[w]ith a little ingenuity, most [procedural, evidentiary, and jury-instruction issues] can be converted into so-called 'questions of law.'" *Id.* at 310 (quotation omitted).

■ The record indicates that at the bench trial no party raised the issues of whether the notary public statute creates a private right of action or whether there is a cause of action for negligent supervision or vicarious liability against a title insurance company for the wrongful acts of a notary hired as an independent contractor. The district court understandably did not address those issues, which are now raised by First USA in this appeal. Instead, the district court found that Coates was negligent, that she was an agent of First USA, and that the agency relationship imposed liability on First USA for Coates's negligence. We therefore hold that the only legal questions properly before this court are whether the evidence that respondents produced at trial supports the district court's conclusion that there was an agency relationship and whether the existence of that agency relationship supports the conclusion of law that First USA is liable to respondents. *See Nazar,* 505 N.W.2d at 633.

## II.

■ The district court recognized Coates's consistent testimony that she acted as an agent of First USA at all relevant times. Because First USA did not appear at trial, it did not develop a record opposing this testimony. First USA seeks to contradict Coates's testimony using an affidavit asserting that Coates was not an agent of First USA, which was submitted in opposition to respondents' motion for summary judgment. We now address whether this court may, on appeal, consider evidence that the record reflects was not introduced at trial, noticed in the district court's findings of fact, or otherwise considered by the district court after it decided respondents' motion for summary judgment.

The appellate record consists of "[t]he papers filed in the [district] court, the exhibits, and the transcript of the proceedings." Minn. R. Civ.App. P. 110.01. This court "may not consider matters not produced and received in evidence below." *Thiele,* 425 N.W.2d at 583. Regulating "the manner in which evidence is admitted" is within the broad discretion of the district court. *Lines v. Ryan,* 272 N.W.2d 896, 902 (Minn.1978). We review a default judgment "on the record as it existed when the district court made its decision." *Scroggins,* 552 N.W.2d at 253. Generally, a defaulting party may not assert facts on appeal not properly asserted before the district court. *Id.*

■ In the similar context of an appeal from a directed verdict, we have held that "testimony not introduced into evidence at trial is outside the record on [appeal], even though the [district] court may have previously considered the testimony on a motion for summary judgment." *Abbett v. Cnty. of St. Louis,* 474 N.W.2d 431, 434 (Minn.App.1991). We so held because an appeal from a directed verdict, like an appeal from a default judgment, limits this court's review to whether the evidence introduced at trial is sufficient to sustain the judgment. *Hubbard v. United Press Int'l, Inc.,* 330 N.W.2d 428, 439 (Minn.1983); *Clark v. Chicago & N.W. Ry.,* 226 Minn. 375, 377, 33 N.W.2d 484, 485 (1948). Because First USA did not participate in the trial, the affidavit was not introduced into the trial record. And because the trial record does not contain the affidavit, we will not consider it when reviewing the default judgment. *Scroggins,* 552 N.W.2d at 253.

## III.

Finally, we turn to whether the evidence supports the district court's findings of fact, and whether those findings support

the conclusion of law and the judgment. *See Nazar*, 505 N.W.2d at 633.

### Evidence supports finding of fact

On appeal from a bench trial, we afford the district court's factual findings great deference and will not set them aside unless they are clearly erroneous. *Porch v. Gen. Motors Acceptance Corp.*, 642 N.W.2d 473, 477 (Minn.App.2002), *review denied* (Minn. June 26, 2002). Because district courts "stand in a superior position to appellate courts in assessing the credibility of witnesses," *In re Welfare of M.D.O.*, 462 N.W.2d 370, 374–75 (Minn. 1990), we give particular deference to factual findings based on witness testimony. *See* Minn. R. Civ. P. 52.01 ("[D]ue regard shall be given to the opportunity of the [district] court to judge the credibility of the witnesses.").

■ Except in circumstances not present here, the existence of an agency relationship is a question of fact. *Dalager v. Montgomery Ward & Co.*, 350 N.W.2d 391, 394 (Minn.App.1984). The scope of an agency relationship is also typically a factual question. *E.g. Sina v. Carlson*, 120 Minn. 283, 286, 139 N.W. 601, 602 (1913). The district court found that Coates testified consistently that she was First USA's agent at all relevant times. The district court also made a finding on the scope of the agency relationship: First USA "used the services of Janie Coates as a notary." Because First USA's only contradictory evidence, the affidavit, is not part of the trial record, these findings are uncontroverted. We conclude that the district court, which properly assessed Coates's credibility, had sufficient evidence to find that she was an agent of First USA.

### Finding of fact sustains the conclusion of law

■ A principal is generally liable for any act of an agent that was committed within the scope of the agency relationship and caused injury. *Semrad v. Edina Realty, Inc.*, 493 N.W.2d 528, 535 (Minn. 1992). The district court's findings of fact must consequently establish (1) that Coates was an agent of First USA, (2) that Coates committed a negligent act that injured respondents, and (3) that the negligent act was within the scope of the agency relationship.

■ First, as discussed above, the district court had sufficient evidence to conclude that Coates was an agent of First USA. Second, neither party disputes that respondents were harmed when Coates negligently breached her statutory duties as a notary public. *See* Minn.Stat. § 358.42 (2006). Third, the district court found that the negligent act was within the scope of the agency relationship because First USA "used the services of Janie Coates as a notary" and the injury to respondents stemmed from Coates's acts of negligent notarizing. We thus hold that the district court's findings of fact support the legal conclusion that First USA is liable for Coates's negligence.

### DECISION

On appeal from a default judgment when the defaulting party has not moved for a new trial, appellate review is limited to (1) substantive questions of law that were raised and determined in the district court, (2) whether the evidence supports the district court's factual findings, and (3) whether the findings support the conclusions of law and judgment.

Because the evidence supports the district court's findings of fact as to the existence and scope of First USA's agency relationship with Coates, and because those findings of fact support the conclu-

sion of law that First USA is liable for Coates's negligence, we affirm.

**Affirmed.**