*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0197**

Thomas C. Rubey, petitioner,
Appellant,

vs.

Valerie A. Vannett,
Respondent.

**Filed December 7, 2015
Affirmed
Halbrooks, Judge**

Washington County District Court
File No. 82-F8-02-004611

Thomas Rubey, Woodbury, Minnesota (pro se appellant)

Valerie Vannett, Apple Valley, Minnesota (pro se respondent)

Considered and decided by Halbrooks, Presiding Judge; Rodenberg, Judge; and

Stoneburner, Judge.<sup>*</sup>

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

In this parenting-time dispute, appellant Thomas C. Rubey argues that the district

court (1) erred by considering the guardian ad litem's (GAL) report and (2) violated his

---

<sup>*</sup> Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

First and Fourteenth Amendment constitutional rights. Because we conclude that the district court did not abuse its discretion by admitting and relying on the GAL's reports, structuring Rubey's parenting time around the child's confirmation class, or requiring him to provide transportation for parenting time and to the child's activities during his parenting time, we affirm.

**FACTS**

Rubey and respondent Valerie Ann Vannett were married in 1999, had a child, A.R., in 2001, and separated in 2002. In the 2004 dissolution judgment, Vannett was awarded sole physical and legal custody of A.R. Rubey appealed, but this court dismissed the appeal on the ground that it was untimely. Rubey subsequently petitioned the supreme court for review, which was granted. The supreme court reversed this court and remanded for consideration on the merits of the appeal. *Rubey v. Vannett*, 714 N.W.2d 417 (Minn. 2006). On remand, we reversed the district court's dissolution judgment and remanded the question of custody to the district court. *Rubey v. Vannett*, No. A05-0310 (Minn. App. May 15, 2007), *review denied* (Minn. Aug. 7, 2007).

In September 2009, the district court awarded the parties joint legal custody, but gave Vannett sole physical custody of A.R. Rubey requested amended findings and ultimately appealed the order to this court. This court affirmed the custody decision but reversed as to certain medical expenses. *Rubey v. Vannett*, No. A10-0673 (Minn. App. Feb. 15, 2011), *review denied* (Minn. Apr. 19, 2011). In December 2013, Rubey moved the district court to expand his parenting time and to equally divide transportation during parenting time.

Rubey requested that (1) his parenting-time schedule be modified; (2) he receive an additional three weeks of parenting time during the summer vacation; (3) the off-duty parent be allowed to contact A.R. by telephone until 10:00 p.m.; (4) each party be required to respond to requests for changes in the parenting-time schedule within 24 hours; (5) each party be required to share information about A.R.'s extracurricular activities; (6) each party have the right of first refusal to watch A.R. if she was alone for more than eight hours; (7) the parties be required to share equally in the transportation to and from parenting time; (8) his child-support obligation be reduced; and (9) he be awarded the right to claim A.R. as an income-tax deduction in odd years. The district court appointed a GAL "to make recommendations regarding temporary and long-range parental access."

The GAL interviewed the parties and A.R.; she did not interview a list of people provided by Rubey because she felt that the conflict over parenting time was largely an issue between the parties. In her report, the GAL recommended that Rubey have visitation from 6:00 p.m. Wednesday until 6:00 p.m. on Friday, despite his request that the Wednesday pickup time be changed to 3:00 p.m. The 6:00 p.m. pick-up allowed A.R. to participate in confirmation class and a dance class that ended at 5:45 p.m. Each parent was to have three weeks of summer vacation time, so long as the vacation time did not conflict with A.R.'s "3 week competitive dance practice and try-out time." Each parent was responsible for informing the other of any activities and signing up the other parent to receive information. Rubey was responsible for transportation for all exchanges, although each parent was responsible to transport A.R. to her activities, including dance,

3

during his or her parenting time. The GAL noted that Vannett has "continued insecurity" about picking A.R. up at Rubey's house, which was the basis for the transportation recommendation. In general, the GAL commented that as a teenager, A.R. would have more activities and social occasions and the parties would have to be more flexible.

The GAL filed a follow-up status report two days before the motion hearing on June 2, 2014. The recommendations were unchanged, but the GAL reported that A.R. told her there had been a problem because a dance recital conflicted with Rubey's birthday, when he would have parenting time. A.R. was placed under a great deal of stress because she was afraid she would be unable to participate or that Rubey would appear and pull her off the stage. A.R. reported that her father had been very angry over the first GAL report and that she was "almost scared to see him." The GAL spoke with Rubey by telephone and reported that she "was bullied, yelled at, and forced to deal with Mr. Rubey's attempted intimidation."

At the evidentiary hearing, Rubey testified, as did his mother and the GAL. From the record, it is clear that these parents do not communicate well, that A.R. is a busy, happy child who particularly enjoys dance, and that Rubey resents the dance activities and religious education because it infringes on his parenting time. Rubey wants A.R. to engage in other activities, despite her clear preference for dance, and views it as a "wedge" in his relationship with A.R. Overall, Vannett has been more accommodating and willing to switch her parenting weekends to coincide with dance activities so that it does not impede Rubey's parenting time.

4

In its August 11, 2014 order, the district court noted that it would modify the "decision-making provisions" of a parenting plan only if modification is in A.R.'s best interests. The district court used the best-interests factors of Minn. Stat. § 518.17 (2014) to conclude that the GAL's recommendations should be adopted. Relevant to this appeal, the district court ordered the parenting schedule to remain as it was in order to accommodate A.R.'s dance and religious activities, gave each party three weeks of vacation during the summer and evenly divided the school holidays between the parties, and directed Rubey to continue to provide transportation for all parenting-time exchanges. Rubey moved for amended findings and a new trial, which the district court denied. This appeal follows.

## D E C I S I O N

Rubey argues that the district court improperly relied on the GAL's reports because they were not properly admitted into evidence, were not made in accordance with the statutory standard, and, as to the second report, was not submitted in a timely manner. "Procedural and evidentiary rulings are within the district court's discretion and are also reviewed under an abuse-of-discretion standard." *Braith v. Fischer*, 632 N.W.2d 716, 721 (Minn. App. 2001), *review denied* (Minn. Oct. 24, 2001). We will reverse the district court's evidentiary ruling only if the court abused its discretion and the objecting party was prejudiced by the ruling. *Melius v. Melius*, 765 N.W.2d 411, 417 (Minn. App. 2009).

The district court may, in its discretion, appoint a GAL in a proceeding where custody or parenting time is in dispute. Minn. Stat. § 518.165, subd. 1 (2014). "The

5

[GAL] shall advise the court with respect to custody and parenting time." *Id.* The GAL's duties include conducting an investigation to determine facts relevant to the situation, advocating on behalf of the child's best interests, maintaining confidentiality, monitoring the child's best interests, and presenting a written report on the child's best interests that includes conclusions and recommendations. Minn. Stat. § 518.165, subd. 2a (2014). The GAL's report is admissible under the rules of evidence as a business record. *See* Minn. R. Evid. 803(6); *J.W. ex rel. D.W. v. C.M.*, 627 N.W.2d 687, 697 (Minn. App. 2001), *review denied* (Minn. Aug. 15, 2001).

Minn. Stat. § 518.165, subds. 1, 2a, provide that a GAL "shall advise the court with respect to custody and parenting time" and "shall . . . present written reports on the child's best interests that include conclusions and recommendations." The first GAL report bears an annotation that it was filed with the district court on March 8, 2014; the second GAL report bears an annotation that it was filed with the district court on June 2, 2014. Both reports include an acknowledgment that they were provided to the district court, Rubey, Vannett, and Rubey's attorney. The GAL reports are part of the district court file. Under Minn. R. Gen. Pract. 303.03, which sets forth the requirements for motion practice in family court proceedings, motions are generally submitted on "affidavits, exhibits, documents subpoenaed to the hearing, memoranda, and arguments of counsel." The district court's order appointing the GAL directs the GAL to prepare a written report and provide it to the court, the parties, and their counsel, which the GAL did.

6

These facts distinguish this matter from *Rew v. Bergstrom*, in which members of the supreme court, in a series of footnotes, expressed disagreement about whether the GAL report had been admitted into evidence. *See* 845 N.W.2d 764, 783 n.6, 799 n.4, 805-06 n.2 (Minn. 2014). The GAL report in *Rew*, although physically located within the district court file, did not have a file stamp, while the GAL reports here do. *Id*. at 783 n.6. Further, as the district court noted in its order denying Rubey's motion for amended findings, neither Rubey nor his attorney objected to the court's receiving the GAL reports into evidence or to the late submission of the second report.

Rubey also argues that the GAL reports do not conform to the statute because the GAL did not interview a list of suggested contacts that he provided to her. The GAL explained that she focused on the parties because the conflicts about parenting time and transportation arose between the parties, and she felt it was unnecessary to contact others on the list, which included A.R.'s piano teacher and some of Rubey's friends. Rubey's attorney cross-examined the GAL at some length about her failure to interview Rubey's suggested contacts. At most, this would affect the weight to be given to the GAL's reports, a matter within the district court's province. Minn. R. Civ. P. 52.01.

The district court did not abuse its discretion by admitting the GAL reports into evidence and considering them in making its decision.

## II.

Rubey raises three constitutional claims: (1) the district court's order requiring him to transport his child to dance class infringes on his due-process rights related to the care and control of his child; (2) the district court's order tailoring his parenting time so

that his child can attend church and confirmation classes violates his First and Fourteenth Amendment rights regarding religious freedom; and (3) his equal-protection rights were violated by the district court's order requiring him to provide all transportation during his parenting time.

Rubey argues that the district court's order scheduling parenting time so that A.R. can participate in dance and confirmation class deprives him of a fundamental right to the "care, custody and control" of his child, as set forth in *Troxel v. Granville*, 530 U.S. 57, 65, 120 S. Ct. 2054, 2060 (2000). *Troxel* involved the right of a parent to control grandparent visitation time. Under Washington state law, any person could petition the court for visitation rights and the court could grant visitation rights over the parent's objection if the court determined it would be in the child's best interests. 530 U.S. at 67, 120 S. Ct. at 2061. The Supreme Court held that the parent was denied her fundamental due-process right to control of her children by the breadth of the statute, which usurped a fit parent's right to act in the best interests of her child. *Id.* at 69-70; 120 S. Ct. at 2062.

The facts in this case are not those in *Troxel*. Here, parents are involved in a dispute over parenting time with their own child. In this situation, the district court must resolve questions of the parties' competing interests in parenting time so as to "enable the child and the parent to maintain a child to parent relationship that will be in the best interests of the child." Minn. Stat. § 518.175, subd. 1(a) (2014).

The district court has broad discretion in deciding parenting-time questions. *Suleski v. Rupe*, 855 N.W.2d 330, 334 (Minn. App. 2014). In matters involving child custody or parenting time, "[t]his court has . . . justified infringements of other

8

fundamental rights by finding the best interests of the children to be a compelling state interest." *Geske v. Marcolina*, 642 N.W.2d 62, 68 (Minn. App. 2002). "It is well established that the ultimate question in all disputes over visitation is what is in the best interest of the child." *Braith*, 632 N.W.2d at 721 (quotation omitted).

The district court did a careful analysis of A.R.'s best interests. Both parents and the GAL stressed that A.R. loves dance. It is evident that Rubey resents the time that A.R. devotes to dance and refuses to attend her recitals or encourage her, despite some lip service to the contrary. The district court also noted that Rubey was moody, that A.R. reported he was "grumpier and mad a lot and that she was almost scared to see him." The GAL commented that Rubey's attitude toward A.R.'s activities created stress and that the GAL was concerned about A.R.'s psychological well-being. There are sufficient findings in the record to sustain the district court's determination that it is in A.R.'s best interests that parenting time be arranged around her activities. Under these circumstances, the district court's decision did not improperly infringe on Rubey's due-process rights.

Rubey argues that the district court's accommodation of A.R.'s confirmation class and church attendance in the parenting-time schedule infringes on his First Amendment rights. In *Sina v. Sina*, 402 N.W.2d 573, 576 (Minn. App. 1987), father argued that the court's refusal to permit him to expose his child to a third religion, when the dissolution judgment made specific provisions for religious activities, was a denial of his fundamental religious rights under the Constitution. This court stated:

9

> We acknowledge and strongly support the constitutional freedom of individuals as expressed by the first amendment to pursue the religion of their choice and expose their children to their religion. . . . [H]owever, the parties have put the issue of the children's best interests before the court, and absent a clearly erroneous determination of the child's best interests, we are obligated to affirm that decision.

*Id.*

Here, Rubey and Vannett have submitted the dispute to the district court for resolution. According to Vannett's affidavit, A.R. was baptized and raised in the church and wanted to be confirmed; Rubey "has been verbally derisive to his daughter about her attendance at the church and has attempted to interfere with confirmation by showing up at the church on Wednesdays and demanding she leave with him." Based on these facts, the district court did not abuse its discretion by structuring parenting time so that A.R. could attend confirmation class.

Finally, Rubey argues that the district court's order that he continue to provide all transportation for his parenting time deprives him of his right to equal protection. Like all other parenting-time decisions, we review this decision for an abuse of discretion. *Suleski*, 855 N.W.2d at 334. The district court set forth its reasoning, relying on the GAL report that described the strained relationship between the parties, and noting that Rubey was intimidating and Vannett had "continued insecurity in going to Mr. Rubey's house." In her status update, the GAL described a telephone conversation with Rubey, in which she was "bullied, yelled at, and forced to deal with Mr. Rubey's attempted intimidation." This record provides a factually sufficient basis for the district court's order, which was not an abuse of discretion. *See State ex rel. Swanson v. 3M Co.*, 845 N.W.2d 808, 816

(Minn. 2014) ("A district court abuses its discretion when it bases its decision on an erroneous view of the law or when it renders a decision that is contrary to the facts in the record.").

**Affirmed.**