*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0700**

Valerie Steiner,
Appellant,

vs.

Campbell Properties,
Respondent.

**Filed January 16, 2024**
**Affirmed; motion denied**
**Bjorkman, Judge**

Stearns County District Court
File No. 73-CV-23-1882

Valerie Steiner, St. Paul, Minnesota (pro se appellant)

Christopher A. Wills, Rajkowski Hansmeier, Ltd., St. Cloud, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Worke, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**BJORKMAN**, Judge

In this emergency-tenant-remedies action, appellant Valerie Steiner challenges the denial of her petition for relief based on inadequate hot water following an evidentiary hearing. Because the record supports the district court's findings of fact, and the court did

not otherwise abuse its discretion, we affirm. And we deny respondent Campbell Properties' motion to strike portions of Steiner's brief as moot.

## FACTS

Campbell Properties operates Keeneland Village, a residential rental facility comprised of two 50-unit buildings. Steiner moved into Keeneland Village in April 2022. Since moving in, Steiner claims to have experienced intermittent hot-water issues. On March 6, 2023, she filed a petition for emergency relief under Minn. Stat. § 504B.381 (2022), alleging inadequate hot water in her unit and Campbell Properties' failure to remedy the problem. Four days later, the district court issued an emergency order directing (1) Campbell Properties to immediately investigate Steiner's hot-water supply and remedy any problems within one week, (2) Steiner to arrange an inspection by the city housing-code enforcement authority, and (3) that Steiner's March rent be deposited with the district court. On March 28, the district court conducted an evidentiary hearing at which the following evidence was presented.

Steiner began complaining about the hot water shortly after she moved in, prompting property maintenance employees to check the buildings' water heaters and the water temperature in Steiner's unit on numerous occasions. Each time they checked, the water temperature in Steiner's unit was at or near 120 degrees.[1] Steiner explained that she likes to take 20-minute showers and, while the water temperature is usually fine at the beginning, toward the end of the shower the water sometimes turns cold. In May 2022, the

_____

[1] Steiner does not argue that Campbell Properties was required to provide water in excess of 120 degrees.

2

head of maintenance adjusted the shower head to maximize the flow of hot water.  Steiner had no more issues with hot water until October.

In December 2022, Steiner complained about inadequate hot water.  This time, the maintenance team discovered that one of the two 100-gallon water heaters in Steiner's building was not working.  An outside contractor installed a new water heater within three days.  The building manager explained that just one of the water heaters provides enough hot water for the whole building.  On February 23, 2023, Steiner again complained that she did not have enough hot water.  Instead of sending their own maintenance workers, Campbell Properties hired the same outside contractor to investigate and respond to the complaint.  The technician tested all the faucets in Steiner's unit, confirming that the water was at or near 120 degrees.

On March 4—two days before she filed her petition—Steiner conducted her own water-temperature testing, which she recorded.  The video shows Steiner running water over a cooking thermometer.  The thermometer initially reads 80 degrees, then increases to nearly 100 degrees, and continues to rise as the video ends.  As the March 10 court order required, Campbell Properties and the city inspected Steiner's unit.  Both inspections revealed that the building's two water heaters were properly installed and functioning, and that Steiner had adequate hot water in her unit.  At the March 28 evidentiary hearing, Steiner relied on her own testimony, video and pictures from her March 4 water-temperature testing, and emails with Campbell Properties.

After taking the matter under advisement in order to review the video and other exhibits, the district court determined that Steiner did not prove the allegations in her

3

petition. The court found that Steiner "offered no credible explanation for what she perceives as an inadequate supply of hot water to her unit." Additionally, the district court found that "[t]he design of the hot water system in [Steiner's] building is such that the temperature of the hot water in each resident's apartment would be virtually the same" and while Steiner testified that three other residents experienced similar problems with hot water, "this hearsay was not supported." Without "reliable expert testimony establishing some defect in the hot water system design or operation," the court found that Steiner's "complaints are best explained by her hypersensitivity and preference for 20 minute showers." Accordingly, the district court concluded that neither emergency relief nor rent abatement was warranted and denied Steiner's petition.

Steiner appeals.[2]

**DECISION**

I. **The district court did not abuse its discretion by denying Steiner's petition for emergency relief.**

Under Minn. Stat. § 504B.381, subd. 1, a residential tenant may seek emergency relief in district court when they experience "the loss of running water, hot water, heat, electricity, sanitary facilities, or other essential services or facilities that the landlord is responsible for providing." If the district court finds that the tenant's ex parte submissions show the landlord failed to provide an essential service, the court may order relief. Minn.

---

[2] In February 2023, Campbell Properties notified Steiner that it was terminating her lease. Steiner's subsequent eviction is the subject of a separate appeal. Although Steiner submitted identical briefs in this case and in the eviction appeal, we confine our analysis to the arguments related to Steiner's emergency-tenant-remedies petition.

Stat. § 504B.381, subd. 5. The petitioner must serve the order on the landlord, who is entitled to an evidentiary hearing if they raise issues of fact. *Id.*; Minn. Stat. § 504B.421 (2022). If, following the hearing, the district court finds the allegations of the petition proven, "it may, in its discretion," take several enumerated actions, including abating the tenant's rent. Minn. Stat. § 504B.425 (2022). We review the district court's determination in an emergency-tenant-remedies action for an abuse of discretion. *See* Minn. Stat. § 504B.425(a) (referencing district court's "discretion"); *see also Scroggins v. Solchaga*, 552 N.W.2d 248, 251-52 (Minn. App. 1996), *rev. denied* (Minn. Oct. 29, 1996).

Steiner does not specifically challenge any of the district court's findings of fact or assert that the court committed procedural or other legal error. Rather, she essentially argues that the district court (1) did not allow her to submit evidence, (2) erred by not allowing her to testify, and (3) was biased against her. None of these arguments persuade us to reverse.

First, the record defeats Steiner's contention that she was unable to submit evidence in support of her petition. During the evidentiary hearing, Campbell Properties' lawyer agreed to file in the electronic record Steiner's exhibits, including the video and copies of emails between the parties. When a witness Steiner wished to call, the city inspector, did not appear pursuant to subpoena for the 1:30 p.m. hearing, the district court did not exclude that witness. Rather, he explained the inspector was not likely to appear because Steiner had not served the subpoena until late that morning.[3] Before the hearing concluded, the

---

[3] Steiner obtained the subpoena the day before the evidentiary hearing.

5

district court clarified whether Steiner had any other evidence to submit, and she said, "That's it." In short, the record reflects that Steiner was allowed to, and did, submit evidence that the district court considered.

The record likewise provides no support for Steiner's argument that the district court prevented her from testifying. To the contrary, the record shows that the district court questioned Steiner about her hot-water allegations and redirected nonresponsive answers and testimony concerning other unrelated allegations against Campbell Properties. The district court asked Steiner, "Is there anything else you want me to know?" And when Steiner provided additional testimony, the district court asked clarifying questions. Ultimately, the district court found much of Steiner's testimony not credible and outweighed by evidence Campbell Properties presented.[4] We afford district courts broad discretion to make credibility determinations and weigh the evidence. *Fairmont Hous. & Redev. Auth. v. Winter*, 969 N.W.2d 839, 850 (Minn. App. 2021).

Finally, for the first time on appeal, Steiner argues that the district court displayed bias and abused its power by interrupting her, yelling at her, not letting her defend herself, and not allowing her to testify. Because she did not make these arguments in the district court, we do not consider them. *Leppink v. Water Gremlin Co.*, 944 N.W.2d 493, 501 (Minn. App. 2020). But even if they were properly before us, our careful review of the

---

[4] The district court expressly found that Steiner did not present credible evidence that the hot water was inadequate. In particular, the court found her video questionable saying, "It is unclear whether this was a reliable test method."

6

record reveals no support for them. Rather, the record shows the district court took appropriate steps to ensure Steiner was able to fairly present her case.

Because the record shows the district court permitted Steiner to testify and submit other evidence and the record supports the court's findings of fact, we discern no abuse of discretion by the district court in denying Steiner's petition.

## II. Campbell Properties' motion to strike is denied as moot.

Campbell Properties moves this court to strike portions of Steiner's brief related to her complaints about the heat and fire alarm in her unit and her defenses to eviction, all of which are the subject of her separate appeal. Campbell Properties argues that these matters are outside the record and not relevant to this appeal.

The record on appeal consists of only documents filed in the district court, offered exhibits, and any transcripts of the proceedings. Minn. R. Civ. App. P. 110.01. We may not consider or base our decision on matters outside this record. *All, Inc. v. Hagen*, 970 N.W.2d 681, 688 (Minn. App. 2021). When we do not rely on the challenged portions of a brief in reaching our decision, we may deny a motion to strike as moot. *Id.* (citing *Drewitz v. Motorwerks Inc.*, 728 N.W.2d 231, 233 n.2 (Minn. 2007)); *see also Justice v. Marvel, LLC*. 979 N.W.2d 894, 903 n.9 (Minn. 2022).

That is the situation here. The challenged portions of Steiner's brief are not material to the sole issue presented in this appeal—the claimed lack of hot water. Because our analysis does not rely on the matters that are the subject of Campbell Properties' motion to strike, we deny it as moot.

**Affirmed; motion denied.**