CHESTER ROACH *vs.* HANS C. PETERSON.

December 7, 1891.

Landlord and Tenant—Premises Becoming Unfit for Occupancy—Tenant's Election.—When the leasehold premises become untenantable or unfit for occupancy, the lessee, in order to relieve himself from liability for future rent, under Laws 1883, *c.* 100, must promptly and within a reasonable time elect whether he will retain his lease, or terminate it by surrendering possession; and, having once made his election, he cannot afterwards change it.

Same—Election, by Conduct, to Retain Lease.—*Held,* that by remaining in possession and occupying the premises for two months and a half after they were partially destroyed, and for one month after the lessor had substantially repaired the injuries, the lessee had elected to retain his lease.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing a new trial after a verdict of $403.50 for plaintiff.

*Christensen & Tuttle*, for appellant.

*S. A. Reed*, for respondent.

MITCHELL, J. The defendant leased a building from the plaintiff for the term of five years from December 1, 1887, for an agreed rent of $200 per month, payable in advance on the first day of each month. When sued for the rent for the months of April and May, 1891, the defendant admitted his liability for the April rent, but set up as a defence to the May rent that the premises, without any fault on his part, were so injured by fire as to be untenantable and unfit for occupancy, and that thereupon, and before May 1st, he quit and surrendered possession. Laws 1883, c. 100.

Inasmuch as upon the undisputed facts the plaintiff was entitled to have a verdict directed in his favor, it becomes unnecessary to consider defendant's assignments of error. The fire occurred January 31, 1891, by which the building was partially destroyed, and the middle room undoubtedly rendered untenantable. The front or main room, being the one in which defendant principally carried on his business of a grocer, although somewhat marred by smoke, etc., was not seriously injured. The plaintiff sent mechanics to repair the building, but defendant requested him to defer repairs until he sold out his damaged goods. The mechanics commenced repairs about the middle of February, and finished their work about March 21st, having substantially restored the building to its former condition, and rendered it tenantable, although some minor injuries by the fire to the front room and to a shed in the rear were not repaired. The defendant continued to occupy the building and carry on his business in it from the date of fire in January until the 18th of April, when, having sold out his goods, he, without any previous notice to plaintiff of his intention to do so, moved out, and quit the premises. He testifies that just before he moved out he requested plaintiff to finish the repairs, but that he refused to do so. Plaintiff denies this; but under our view of the law it is immaterial which is correct. In another case between these same parties, (*supra*, p. 291,) we have re-

cently had occasion to construe this statute, and held, in substance, that the surrender of the premises was necessary in order to release the tenant from the obligation to pay rent, and give him the relief provided for by the act. He cannot retain possession and at the same time refuse to pay rent. When the premises are rendered untenantable, the lessee is put to his election whether he will retain possession under his lease or surrender it to the lessor. He must exercise this election promptly and within a reasonable time, and, when once made, this election is final and irrevocable. He cannot elect to retain possession, and be allowed subsequently to change his mind. In this case, by retaining possession for over two and a half months after the fire, and almost one month after the damages were substantially repaired, and the whole building restored to at least a tenantable condition, the defendant made his election, which he could not afterwards recall or change.

Order affirmed.