## I. COHEN v. H. P. CONRAD.[1]

February 18, 1910.

Nos. 16,441—(224).

**Action for Rent — Void Provisions in Lease No Defense.**

Action upon a lease to recover the stipulated rent. The answer was to the effect that the lease was void, that the defendant was actually evicted from a part of the demised premises, and was constructively evicted from the whole thereof. *Held*, that it is no defense to an action upon a covenant in a lease to recover the stipulated rent that the lease also contained void stipulations for extraordinary remedies for enforcing payment of the rent, which were independent of the covenant to pay rent in consideration of the demise of the premises; that the evidence was not sufficient to establish either an actual or constructive eviction; and that the trial court rightly directed a verdict for the rent.

Action in the district court for Ramsey county to recover $282 under a lease. The answer alleged that the lease was void, an eviction, and set up a counterclaim for $1,300. The case was tried before Brill, J., who directed a verdict for plaintiff in the sum of $250. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Heim & Loevinger,* for appellant.
*A. C. Middelstadt,* for respondent.

START, C. J.
On June 22, 1908, the plaintiff leased to the defendant certain premises in Minneapolis, described as Store No. 240, Temple

[1] Reported in 124 N. W. 992.

Court, for the term of three years. The **defendant agreed to** pay the plaintiff as rent therefor $5,040, **payable in thirty-six** equal monthly instalments of $140, upon the first day of each and every month of the term, according to a written lease executed by the parties. The plaintiff brought this action in the district court of the county of Ramsey to recover two instalments of rent, less a payment of $30, which by the terms of the lease respectively became due December 22, 1908, and January 22 next thereafter. The answer, so far as here material, was to the effect that the lease was void, that the defendant was actually evicted from a portion of the demised premises, and constructively evicted from the whole thereof. These matters were put in issue by the reply. At the close of the evidence each party requested an instructed verdict in his favor. The defendant's motion was denied, the plaintiff's granted, and the jury instructed to return a verdict for the plaintiff for $250, the amount claimed for rent. The defendant appealed from an order denying his motion for judgment notwithstanding the verdict or for a new trial.

The first group of assignments of error urged by the defendant relates to the claim that the lease was void, and therefore no action for rent can be maintained upon it. The basis of this claim is that the lease contained numerous harsh provisions for the enforcement of the payment of rent and for the taking possession of the demised premises in case of nonpayment of the rent. Counsel for defendant summarize these provisions, as they construe them, as follows: "It contains provisions authorizing distress, forcible entry without legal process, entry of judgment without legal process, service of process, trial or right of appeal for errors, an express provision specifying that none of the provisions of the lease may be waived except upon certain conditions, none of which exist; and other hard and unconscionable conditions." The contention of counsel that these provisions are void, that they are not severable from the other provisions of the lease but all are interdependent, is supported by an exhaustive brief.

It may be conceded, but only for the purpose of this appeal, that

some of the remedial provisions of the lease are void, and that, if the plaintiff were here seeking to avail himself of them, the court would not enforce them. However, it does not follow from this concession that the defendant's promise to pay rent is void; for it would be a novel and unjust doctrine to hold that a lessee might execute a lease, go into possession under the lease, and, when called upon in a common-law action to pay the rent reserved, defeat the action because certain stipulated and extraordinary remedies provided for by the lease were not enforceable. It is true that, if the consideration of a contract is illegal in part, it vitiates the whole contract. Handy v. St. Paul Globe Pub. Co., 41 Minn. 188, 42 N. W. 872, 4 L.R.A. 466, 16 Am. St. 695. This rule, however, has no application to this case, for the consideration for the defendant's covenant to pay the rent was the lessor's covenant whereby he demised the premises to the defendant. This is perfectly obvious from a mere reading of the lease, the language of which, in this respect, is this: "And the said lessee, in consideration of said demise, does covenant and agree with the said lessor as follows." Then follows an absolute covenant by the defendant to pay the rent; also other independent covenants and stipulations, including those relating to the stipulated remedies which are claimed to be void.

It is clear that the covenant, as to the extraordinary remedies, is independent of and severable from the other covenants of the lease, and that it no more affects the validity of the defendant's covenant to pay the rent, or the right to enforce the lease in an action at law, than would a covenant in a mortgage waiving the right of redemption render it void, or than would the waiver of exemptions in a promissory note prevent a recovery thereon. We accordingly hold that it is no defense to an action upon a covenant in a lease to recover the stipulated rent that the lease contains void stipulations for extraordinary remedies for enforcing payment of rent, which are independent of the lessee's covenant to pay rent in consideration of the demise of the premises.

The next contention of the defendant to be considered is that there was a constructive eviction of the defendant from the whole of

110 M.—14

the premises, and an actual eviction from a part thereof; hence for each of these reasons the defendant was not liable for the rent, but was entitled to an instructed verdict in his favor. It appears from the evidence, taking the most favorable view of it for the defendant, that the premises, by the terms of the lease, were to be used "for restaurant only, and for no other purpose whatever;" that it was customary to sell cigars in restaurants; that from the execution of the lease to November 23, 1908, the premises were used for a dairy lunch, and no cigars were sold therein; that from that date until January 15, 1909, when the lessee vacated the premises an ordinary restaurant was conducted therein by defendant's subtenant, who then commenced selling cigars therein, to which the plaintiff objected, and told the tenant he must stop the selling of cigars on the premises or get out; that the tenant continued to sell cigars for two weeks, when, owing to the persistent and offensive objections of the plaintiff, the tenant then discontinued such sale of cigars, which resulted in a falling off of his business. This is the basis of defendant's claim that he was constructively evicted from the whole of the premises.

When the defendant leased the premises and took possession thereof, there was a door opening therefrom into a toilet room located on the premises occupied by the plaintiff, which had been treated and used as appurtenant to the demised premises. Some seven days after the subtenant took possession of the premises the plaintiff locked the door of the toilet room, but gave the tenant a key to another toilet room and told him to use it. The tenant objected, but retained the key and used the toilet room so assigned for his use until he vacated the demised premises, which was some six weeks thereafter. This is the basis of the claim of actual eviction from a part of the premises. Whether the defendant would have been justified in treating the acts of the plaintiff as an eviction and quitting and surrendering up the premises, if he had elected so to do, we need not determine, for the fact remains that he did nothing of the kind, but remained in possession for some weeks thereafter.

Upon a consideration of the entire record, and the briefs of counsel we have reached the conclusion that the trial court correctly in-

structed the jury to return a verdict for the plaintiff, for there was no claim that the rent had been paid, and the evidence was clearly insufficient to justify a finding by the jury that the defendant was evicted from the whole or any part of the premises.

It is further claimed that the court erred in directing a verdict for the plaintiff, because it conclusively appeared from the evidence that the plaintiff had no authority to rent the premises to the defendant. It does not so appear from the record. It only appears that the plaintiff introduced in evidence a lease to himself from the owner of the premises which he sublet to the defendant. This lease provided that the premises, therein described, Nos. 238 and 240, Temple Court, should be occupied by the lessee only for a retail tailoring store, and that the premises should not be sublet without the consent of the lessor indorsed thereon. The last provision of the lease was in these words: "The lessee is given the privilege of subletting any portion or all of the above-described premises, excepting for a cigar stand, barber shop or fruit store." No consent of the lessor to the subletting to the defendant was indorsed on the lease to the plaintiff. This is the only basis disclosed by the record for the claim that it conclusively appears from the evidence that the plaintiff had "no title or authority to lease the premises to the defendant in the manner and for the purpose which he did." The last clause of the plaintiff's lease is a sufficient answer to the claim. Again no issue was made, waiving the question of its competency, by the pleadings or litigated on the trial as to the plaintiff's right to make the sublease. The claim is without merit.

There are many other assignments of error and claims urged in the brief of counsel, but we find no reversible error therein.

Order affirmed.