## ROBERT F. STRUPP v. JOHN P. CANNIFF, INDIVIDUALLY AND d.b.a. INTERPLANT SALES.

150 N. W. (2d) 574.

April 28, 1967—No. 40,163.

*Harry H. Peterson,* for appellant.

*Jerre A. Miller* and *Vesely, Otto & Miller,* for respondent.

PER CURIAM.

This is an action to recover rent in which the defense is constructive eviction.

The matter was heard by the court without a jury and judgment entered for the plaintiff. Defendant appeals from an order denying his motion for amended findings or a new trial.

During the period in question the premises were occupied by defendant under an oral month-to-month lease and were used by him to store and repair heavy equipment. Plaintiff acquired title in September 1962. On September 18, 1962, he gave defendant written notice that the lease would be terminated on November 1, 1962, unless the defendant elected to accept an increase in monthly rental from $150 to $350. The defendant advised plaintiff that he would not remain in possession at the new rate. Nevertheless, he neither vacated the premises nor thereafter paid rent but remained in possession until about January 6, 1963.

In support of his claim that he was constructively evicted, defendant

testified that plaintiff's renovation of the building interrupted and delayed defendant's efforts to move his equipment from the premises. The trial court rejected this defense and found that the defendant continued to operate and conduct his business on the property after November 1, 1962.

It is settled law that a tenant may not invoke the defense of constructive eviction unless he vacates the premises.[1] In Roach v. Peterson, 47 Minn. 462, 464, 50 N. W. 601, this court, speaking through Mr. Justice Mitchell, held:

"* * * [The tenant] cannot retain possession and at the same time refuse to pay rent. When the premises are rendered untenantable, the lessee is put to his election whether he will retain possession under his lease or surrender it to the lessor. He must exercise this election promptly and within a reasonable time, and, when once made, this election is final and irrevocable."

We hold that the record supports the court's findings. Having failed to vacate on or before November 1, 1962, defendant is liable for rental during the subsequent 3 months.

■ Because the building was condemned as unsafe by the village of Minnetonka, defendant invokes the rule laid down in Leuthold v. Stickney, 116 Minn. 299, 133 N. W. 856, 39 L. R. A. (N.S.) 231, where this court held that the consideration for a lease fails if the premises are maintained in violation of the law. That defense is untenable for two reasons. First, in the Leuthold case the tenants had vacated the premises prior to the period for which the rent was claimed; and second, this issue was neither litigated in the trial court nor raised in the motion for a new trial. It may not be presented for the first time on appeal. Radke v. Brenon, 271 Minn. 35, 134 N. W. (2d) 887.

Affirmed.

---

[1] Weiss v. Zenith Realty Co. 129 Minn. 486, 488, 152 N. W. 869, 870; Leifman v. Percansky, 186 Minn. 427, 429, 243 N. W. 446, 447; Loining v.

Kilgore, 232 Minn. 347, 349, 45 N. W. (2d) 554, 555; Annotation, 91 A. L. R. (2d) 638.