WALLACE FRITZ AND ANOTHER v.
ROBERT E. WARTHEN AND OTHERS.

213 N. W. 2d 339.

November 30, 1973—Nos. 43675, 43781.

*Richard A. Kaplan, William H. Crowder, Michael A. Wolff,* and *Roger S. Haydock,* for appellants.

*Katz, Taube, Lange & Frommelt, Stanley M. Taube, James M. Rosenbaum,* and *A. L. Janes, Jr.,* for respondents.

*Robert A. Stein* and *Franklin J. Knoll,* for Urban Coalition of Minneapolis, amicus curiae.

KELLY, JUSTICE.

These appeals were taken from two orders of the municipal court of St. Paul for issuance of writs of restitution in actions for unlawfully detaining apartment premises after nonpayment of rent. The appeals have been consolidated for determination in this court. In pretrial rulings, the municipal court had held that the untenantability of residential premises cannot be asserted as a defense to an unlawful detainer action. We reverse.

About August 1, 1971, defendants, Mr. and Mrs. Robert Warthen, began renting a 1-bedroom apartment at 709 Portland Avenue in St. Paul on an oral month-to-month basis for a monthly rental of $85. After they had rented the apartment, repair and maintenance problems arose which allegedly interfered with their enjoyment of the premises. Notice of the defects and requests for their correction were given to the landlord. When no repairs were made, the Warthens withheld $35 of the rent for February 1972.

On February 16, 1972, an unlawful detainer action was commenced by the landlord in justice court for a writ of restitution on the grounds of nonpayment of rent. Defendants' request for removal to municipal court was granted. In their answer, defendants alleged that they were deprived of the full value of the apartment because of the repair and maintenance problems which were in violation of the Housing Code of St. Paul and of the statutory covenants of habitability contained in Minn. St. 504.18. Because of this, they denied that any additional rent was presently owing.

Two additional unlawful detainer actions pending before the municipal court against other tenants of the same apartment building were consolidated for the purpose of the court's order granting a writ of restitution.[1] Subsequently, the landlord also commenced unlawful detainer actions against seven other tenants of the same apartment complex and an identical consolidated order was issued for those actions.

Defendant-tenants essentially raise two issues on this appeal: (1) Whether breach of the statutory covenants of habitability under Minn. St. 504.18 constitutes a defense to an unlawful detainer action for nonpayment of rent; and (2) where the premises have not been abandoned, may constructive eviction or partial constructive eviction be asserted as a defense to an unlawful detainer action.

Before commenting on these issues, we should point out that the present appeals are taken from nonappealable orders. According to Minn. St. 566.12, an appeal is allowed only from the judgment of restitution and not from an order directing entry thereof. Northwest Holding Co. v. Evanson, 265 Minn. 562, 122 N. W. 2d 596 (1963); Goldberg v. Fields, 247 Minn. 213, 76 N. W. 2d 668 (1956). However, because of the important questions presented by this case, we are prompted to exercise discretionary review under Rule 105, Rules of Civil Appellate Procedure, and decide the merits of the case.

■ As a part of tenants' rights legislation enacted by the 1971 legislature, a landlord is now held, by virtue of Minn. St. 504.18, subd. 1, to covenant to keep leased residential premises in reasonable repair, fit for their intended use and maintained in compliance with applicable health and safety laws.[2] The question

---

[1] These other two cases have substantially similar facts except that the rent was completely withheld and paid into an escrow account.

[2] Minn. St. 504.18, subd. 1 (L. 1971, c. 219, § 1, subd. 1) reads: "In every lease or license of residential premises, whether in writing or parol, the lessor or licensor covenants:

(a)  That the premises and all common areas are fit for the use in-

whether these statutory covenants of habitability now made a part of every residential lease may be asserted as a defense to an unlawful detainer action is one of first impression to this court.

According to traditional common-law principles, a tenant's covenant to pay rent is independent of a landlord's covenant to repair and maintain the premises. Therefore a landlord's breach of his covenants does not relieve a tenant of his obligations under the lease. The payment of rent is a prerequisite to continuing in possession regardless of the failure of the landlord to fulfill his obligations to repair and maintain the premises. See, Strupp v. Canniff, 276 Minn. 558, 150 N. W. 2d 574 (1967); Leifman v. Percansky, 186 Minn. 427, 243 N. W. 446 (1932); Roach v. Peterson, 47 Minn. 462, 50 N. W. 601 (1891); 49 Am. Jur. 2d, Landlord & Tenant, § 613. The only covenant which is dependent upon the payment of rent is the delivery of possession to the tenant. See, Cohen v. Conrad, 110 Minn. 207, 124 N. W. 992 (1910).

While we intimate no opinion as to the continued justification for the common-law rule of independent covenants in leases of modern urban dwellings, we do not believe the rule is applicable to the landlord's covenants of habitability imposed by Minn. St. 504.18. These covenants are not made a part of the lease by

---

tended by the parties.

(b) To keep the premises in reasonable repair during the term of the lease or license, except when the disrepair has been caused by the willful, malicious, or irresponsible conduct of the lessee or licensee or a person under his direction or control.

(c) To maintain the premises in compliance with the applicable health and safety laws of the state and of the local units of government where the premises are located during the term of the lease or license, except when violation of the health and safety laws has been caused by the willful, malicious, or irresponsible conduct of the lessee or licensee or a person under his direction or control.

"The parties to a lease or license of residential premises may not waive or modify the covenants imposed by this section."

agreement between the parties but by statutory mandate. In light of the directive of Minn. St. 504.18, subd. 3, to liberally construe the statutory covenants, we hold that these implied covenants of habitability and the covenant for payment of rent are mutually dependent rather than independent. Rome v. Walker, 38 Mich. App. 458, 196 N. W. 2d 850 (1972). See, Javins v. First Nat. Realty Corp. 138 App. D. C. 369, 428 F. 2d 1071 (D. C. Cir. 1970), certiorari denied, 400 U. S. 925, 91 S. Ct. 186, 27 L. ed. 2d 185 (1970).

The mutual dependence of the statutory covenants of habitability and the covenant to pay rent does not, however, dispose of the question whether the breach of the statutory covenants is available as a defense to an unlawful detainer action. Minn. St. 504.18 does not specify a remedy for enforcement of the covenants. Three possible alternative remedies are available to enforce the statutory covenants: (1) The tenant may assert breach of the covenants as a defense to the landlord's unlawful detainer action for nonpayment of rent; (2) the tenant may continue to pay rent and bring his own action to recover damages for breach of the covenants by the landlord; (3) the tenant, after vacating the premises and suspending rent payments, may raise breach of the covenants as a defense to an action by the landlord for the rent.

We have often observed that the object of an unlawful detainer action under Minn. St. 566.03 is to provide an adequate and summary remedy for obtaining possession of premises wrongfully held by a tenant after nonpayment of rent. In Leifman v. Percansky, 186 Minn. 427, 429, 243 N. W. 446, 447 (1932), we observed:

"* * * [A] statutory action to recover leased premises because of nonpayment of rent is a summary proceeding, involving only the present right to the possession of the premises. Where the plaintiff shows defendant in possession under a lease, and failure to pay the stipulated rent, his cause of action under the

statute is complete. * * * *The defenses that can be interposed are strictly limited."* (Italics supplied.)

Accord, Pushor v. Dale, 240 Minn. 179, 60 N. W. 2d 128 (1953); Warren v. Hodges, 137 Minn. 389, 163 N. W. 739 (1917).

We believe that the language of the unlawful detainer statute is broad enough to permit a tenant to assert breach of the statutory covenants as a defense. Minn. St. 566.03, subd. 1, sets forth the elements of an action to recover possession of premises which reads in pertinent part:

"When any person holds over lands or tenements * * * after any rent becomes due *according to the terms of such lease or agreement,* * * * the person entitled to the premises may recover possession thereof in the manner hereinafter provided." (Italics supplied.)

Because the statutory covenants of habitability are made a part of every residential lease and are mutual with the covenant to pay rent, the rent, or at least part of it, is not due under the terms of the lease when the landlord has breached the statutory covenants.

In addition, Minn. St. 566.07 allows a tenant in defense to an unlawful detainer action to set forth "all matters in excuse, justification, or avoidance of the allegations." Prior to the adoption of the statutory covenants, the only defenses available to a tenant would be actual payment or nondelivery of possession. All other covenants were independent of the tenant's obligation to pay rent. Because of the mutuality of the statutory covenants of habitability and the covenant to pay rent, the tenant may now assert breach of the statutory covenants in "excuse, justification, or avoidance" of the landlord's action. Rome v. Walker, *supra.*

The legislative objective in enacting the implied covenants of habitability is clearly to assure adequate and tenantable housing within the state. That objective is promoted by permitting breach of the statutory covenants to be asserted as a defense in unlawful detainer actions. If a landlord is entitled to regain possession of

the premises in spite of his failure to fulfill the covenants, this purpose would be frustrated. A tenant would be given little choice in asserting his statutory right to tenantable housing if his only alternatives were abandonment of the premises or continued payment of rent to which the landlord is not entitled because of the conditions. See, Academy Spires, Inc. v. Jones, 108 N. J. Super. 395, 261 A. 2d 413 (1970).

Permitting these matters in defense does not alter or frustrate the unlawful detainer statute's purpose of returning lawful possession in an expeditious manner. Raising breach of the statutory covenants in defense would not burden the proceedings more than raising other permissible defenses to such actions does.[3] If the tenant asserts the defense, the landlord may move for a summary judgment to determine if the tenant's allegations raise a fact question.[4] If not, the action may proceed in the customary

---

[3] For example, Minn. St. 566.03, subds. 2 and 3, permit the following defenses: "Subd. 2. It shall be a defense to an action for recovery of premises following the alleged termination of a tenancy by notice to quit for the defendant to prove by a fair preponderance of the evidence that:

(1) The alleged termination was intended as a penalty for the defendant's good faith attempt to secure or enforce rights under a lease or contract, oral or written, or under the laws of the state, any of its governmental subdivisions, or of the United States; or

(2) The alleged termination was intended as a penalty for the defendant's good faith report to a governmental authority of the plaintiff's violation of any health, safety, housing or building codes or ordinances.

\* \* \* \* \*

"Subd. 3. In any proceeding for the restitution of premises upon the ground of *nonpayment of rent*, it shall be a defense thereto if the tenant establishes by a preponderance of the evidence that the plaintiff increased the tenant's rent or decreased the services as a penalty for any lawful act of the tenant as described in subdivision 2, *providing that the tenant tender to the court or to the plaintiff the amount of rent due and payable under his original obligation.*" (Italics supplied.)

[4] When the action is brought in justice court and the tenant wishes to assert this defense, he should demand that the case be removed to

manner. If a fact question is found to exist, the question of possession must await final determination of the merits of the tenant's allegations.

We are aware that pending final determination of the tenant's claim of breach of the statutory covenants, the landlord will be deprived of all or a portion of the rent while the tenant remains in possession. However, during this period the landlord will continue to experience normal operating and overhead expenses. In a building where all or a substantial number of tenants withhold their rent, this could be devastating to a landlord. Because he is deprived of rental income, he may be unable to correct the very conditions that the tenant contends render the premises untenantable. In some of the cases, the landlord may prevail and may not then be able to collect the rents due and yet would have been unable to dispossess the tenant during the delays occasioned by court proceedings.

Recognizing these potential problems, we have concluded that once the trial court has determined that a fact question exists as to the breach of the covenants of habitability, that court will order the tenant to pay the rent to be withheld from the landlord into court pursuant to Rule 67.03, Rules of Civil Procedure for the Municipal Court, and that until final resolution on the merits, any future rent withheld shall also be paid into court.[5] The court under its inherent powers may order payment of amounts out of this fund to enable the landlord to make repairs or meet his obligations on the property or for other appropriate purposes. In the majority of cases, final determination of the action will be made quickly and this procedure will not have to be used. It is anticipated that the trial court, in lieu of ordering the rent

---

another court having jurisdiction within the county as authorized by Minn. St. 531.115, subd. 2.

[5] Minn. St. 566.03, subd. 3, permits a procedure of paying withheld rent into court for cases involving a defense that the landlord increased rent or decreased services as a penalty for the tenant's lawful actions. See footnote 3, *supra*. We also expect that, as experience dictates, additional rules may be adopted to meet any problems encountered.

paid into court, in the exercise of its discretion may order that it be deposited in escrow subject to appropriate terms and conditions or, in lieu of the payment of rents, may require adequate security therefor if such a procedure is more suitable under the circumstances.

■ Defendants also argue that an unlawful detainer action for nonpayment of rent may be defended on the grounds of constructive or partial constructive eviction. We have consistently held that abandonment of the premises is a prerequisite to the defense of constructive eviction. Leifman v. Percansky, *supra*. See, also, Strupp v. Canniff, *supra;* Roach v. Peterson, *supra*. No different rule is applicable to partial constructive eviction. See, Leifman v. Percansky, *supra*. Since defendants have not vacated their apartments, they cannot assert total or partial constructive eviction as a defense. Indeed, because of the remedies granted in this case, there is no real showing of any necessity for changing our prior holdings on this issue.

Reversed and remanded with directions to proceed with the actions in accordance with this opinion.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.