*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1991**

Andrew Ellis,
Appellant,

vs.

Danielle Thompson,
Respondent,

Abdul R. Johnson,
Respondent

**Filed June 22, 2015
Affirmed in part, reversed in part, and remanded
Worke, Judge**

Hennepin County District Court
File No. 27-CV-HC-14-2978

Andrew Ellis, Minneapolis, Minnesota (pro se appellant)

Danielle Thompson, Minneapolis, Minnesota (pro se respondent)

Abdul R. Johnson, Minneapolis, Minnesota (pro se respondent)

Considered and decided by Connolly, Presiding Judge; Worke, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**WORKE**, Judge

Appellant-landlord challenges the dismissal of an eviction action, arguing that the record does not support the district court's conclusions that he failed to establish the

amount of rent due and that respondent-tenants were entitled to rent abatement. He also challenges the district court's decision to vacate a conciliation-court judgment. We affirm the district court's decision to vacate the conciliation-court judgment, but we reverse the district court's order for rent abatement, and remand with instructions to enter judgment in favor of appellant for unpaid rent and late fees.

## D E C I S I O N

### Rent

On June 9, 2014, appellant-landlord Andrew Ellis filed an eviction action against respondent-tenants Danielle Thompson and Abdul R. Johnson. Ellis argues that the district court erred by dismissing the eviction action for failing to show the amount of rent owed.

On review of a district court order in an eviction action, we review whether the district court's findings of fact are clearly erroneous. *Minneapolis Cmty. Dev. Agency v. Smallwood*, 379 N.W.2d 554, 555 (Minn. App. 1985), *review denied* (Minn. Feb. 19, 1986). In reviewing findings of fact for clear error, this court examines the record for "reasonable evidence" to support the district court's findings. *Fletcher v. St. Paul Pioneer Press*, 589 N.W.2d 96, 101 (Minn. 1999). Findings of fact are clearly erroneous when this court is "left with the definite and firm conviction that a mistake has been made." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotation omitted). But this court does not defer to the district court on a purely legal issue. *Frost-Benco Elec. Ass'n v. Minn. Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984). This court applies a de novo standard of review to the district court's

2

conclusions of law. *W. Insulation Servs. v. Cent. Nat'l Ins. Co.*, 460 N.W.2d 355, 357 (Minn. App. 1990).

An eviction action is a summary proceeding to determine the present possessory rights to property. *See Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001) (noting that an eviction action, formerly known as an unlawful-detainer action, is a summary proceeding); *see also* Minn. Stat. § 504B.001, subd 4. (2014) (defining eviction as "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property"). A landlord may commence an eviction action when a person unlawfully detains or retains possession of real property. Minn. Stat. § 504B.301 (2014). A landlord may also bring an eviction action for nonpayment of rent. Minn. Stat. § 504B.291, subd. 1 (2014).

The district court concluded that it was unable to reconcile the amounts Ellis claimed were owed in the complaint with the amounts owed according to his testimony and records. While the complaint alleges amounts owed for "expenses" that are unexplained[1], Ellis consistently claimed that Thompson and Johnson failed to pay rent in April, May, and June 2014.

The parties entered into a written month-to-month lease commencing on May 1, 2013. Rent was due on the first of each month in the amount of $995. Rent received

---

[1] The complaint also claims late fees for several months in 2013, but these claims were unsupported by testimony. Additionally, his written records show that Thompson and Johnson were late paying rent nearly every month, and he provides no explanation for seeking late fees for only some of those months. Finally, Johnson testified that when he anticipated paying rent late, he contacted Ellis who told him not to worry about it. The district court found Johnson's testimony credible.

3

after the fourth of the month was considered late and subject to a $50 late fee. When they entered into the lease, Thompson and Johnson paid a security deposit and the last month's rent each in the amount of $995.

The complaint alleged that Thompson and Johnson failed to pay rent in April, May, and June 2014. According to the complaint, the amounts due were $830 plus a $50 late charge for April, $995 plus a $50 late charge for May, and $995 plus a $50 late charge for June. Ellis testified that he did not receive rent in April, May, or June, 2014. Johnson admitted that he did not pay rent in May or June, and conceded that he owed late fees. Johnson also indirectly admitted that he did not pay rent in April. He stated that he believed that when he paid last month's rent, that payment would be applied to rent for April 2014 because the lease commenced May 1, 2013. But Thompson and Johnson entered into a month-to-month lease; thus, the lease did not terminate after 12 months, especially when Thompson and Johnson were still living in the unit in June 2014. Ellis's records also show that he did not receive rent in April, May, or June 2014. Even the records submitted by Thompson and Johnson show that they did not pay rent in April, May, and June 2014. Based on the complaint, the testimony, and the exhibits, there is sufficient evidence to show that Thompson and Johnson failed to pay Ellis rent in April, May, and June 2014.

After the hearing on the eviction action, the parties agreed that Thompson and Johnson would move out on June 30, 2014. If Ellis applied the last month's rent to June, and applied the security deposit to unpaid rent after Thompson and Johnson moved out, he would still be entitled to one month's rent and late fees. *See* Minn. Stat. § 504B.178,

4

subd. 3(a)(1), (b)(1) (2014) (stating that three weeks after termination of tenancy, a landlord shall either return the security deposit or provide a written statement that the deposit was withheld to remedy default in payment of rent). Because Ellis alleged in the complaint that Thompson and Johnson owed him $830 for rent due in April, Thompson and Johnson owe Ellis $980 ($830 for April rent and $150 in late fees). The district court erred in concluding that it was unable to reconcile the amounts Ellis alleged were owed in rent and late fees; therefore, we reverse and remand with instructions to enter judgment in favor of Ellis in the amount of $980.

### Rent abatement

At the hearing on the eviction action, Johnson testified that in the winter months, the pipes for the fixtures in the upper-level bathroom and kitchen froze. Johnson testified that a maintenance worker responded to his calls and worked on the problem "several times." Johnson testified that even though the pipes froze, he paid rent in the winter months. Johnson also testified that in May 2014, water leaked from the ceiling into a ceiling fan in his children's room. Ellis argues that the district court erred by concluding that Thompson and Johnson "proved numerous violations of the statutory covenants of habitability" and were entitled to rent abatement "in the amount of $300 per month for the months of December 2013 [through] March 2014 and in the amount of $100 per month for the months of May 201[4] and June 201[4]."

A tenant may assert breach of the statutory covenants of habitability in "excuse, justification, or avoidance" of the landlord's eviction action. *Fritz v. Warthen*, 298 Minn. 54, 59, 213 N.W.2d 339, 342 (1973); *see also Parkin v. Fitzgerald*, 307 Minn. 423, 427-

5

28, 240 N.W.2d 828, 831 (1976) (stating that a landlord's breach of the implied statutory covenant of habitability may justify the tenant's withholding rent); *Meyer v. Parkin*, 350 N.W.2d 435, 438 (Minn. App. 1984) (stating that breach of covenants of habitability may be asserted as a defense to an unlawful-detainer action), *review denied* (Minn. Sept. 12, 1984).

The district court erred by concluding that Thompson and Johnson proved violations and were entitled to rent abatement. First, the district court ordered that rent be abated $100 per month for May and June 2014 after finding that Thompson and Johnson testified that "there was water leaking through the ceiling . . . during the months of May 2014 and June 2014 and this condition was reported to [Ellis]."

Thompson testified that the water leaked through the ceiling on May 3, 2014. This is the only reference to water leaking through the ceiling in the record. Additionally, the record does not show that the leak was reported to Ellis. Thompson testified that she asked the upper-level tenant what happened and he said that the refrigerator leaked. And Johnson testified that he called Ellis in April 2014, and that this was the last time that he talked to Ellis. The water leak occurred the next month. Finally, Thompson testified that the children slept in her bedroom since the water leak "just in case" something like that happened again. "Just in case" something happens indicates that something was not ongoing. Based on this record, the district court clearly erred in finding that water was leaking through the ceiling during May and June 2014 and was reported to Ellis.

Second, the district court found that Thompson and Johnson testified that "the pipes on the premises were frozen in the winter months . . . and this condition was

6

repeatedly reported to [Ellis]," and concluded that they were entitled to rent abatement in the amount of "$300 per month for the months of December 2013 [through March 2014]." But while a tenant may raise a breach of the covenants of habitability as a defense in an eviction action, there is a procedure to follow.

If a violation of the covenants exists, a tenant must "give written notice to the landlord specifying the violation," and afford the landlord 14 days within which to correct the violation. Minn. Stat. § 504B.385, subds. 1(c), .001, subd. 14 (2), .161, subd. 1 (2014). If the violation is not corrected within 14 days, the tenant may deposit the amount of rent due to the court administrator with an affidavit specifying the violation. Minn. Stat. § 504B.385, subd. 1(a)(c). Under Minn. R. Gen. Pract. 608:

> In any unlawful detainer case where a tenant withholds rent in reliance on a defense, the defendant shall deposit forthwith into court an amount in cash, money order or certified check payable to the [d]istrict [c]ourt equal to the rent due as the same accrues or such other amount as determined by the court to be appropriate as security for the plaintiff, given the circumstances of the case.

Thompson and Johnson did not follow this procedure. They did not provide written notice of the frozen pipes. Although Johnson called someone about the frozen pipes, he testified that the building superintendent came to the unit "several times" to fix the problem. They did not deposit rent with the court administrator. Johnson testified that even though the pipes froze, they paid their rent for those months. Thompson and Johnson failed to pay rent for months that they did not encounter the problem with frozen pipes; thus, they did not withhold rent in reliance on a breach of the covenants of

7

habitability defense. Based on this record, the district court erred by concluding that Thompson and Johnson were entitled to rent abatement.

*Conciliation-court judgment*

Ellis moved for amended findings or for a new trial. In the order denying the motion, the district court noted that since its original order, Ellis had obtained a default judgment in conciliation court against Thompson and Johnson for unpaid rent and late fees. The court vacated the judgment because the eviction action had decided the issue. Ellis argues that the district court erred by vacating the conciliation-court judgment.

"When a court obtains jurisdiction over a case it has the authority to determine all relevant issues, and in exercising that power the court may restrain the prosecution of other suits raising the same issues . . . ." *Minn. Mut. Life Ins. v. Anderson*, 410 N.W.2d 80, 81 (Minn. App. 1987). The district court resolved the issues of unpaid rent and late fees before Ellis received the default judgment in conciliation court. Thus, in the interests of judicial economy, the district court appropriately vacated the conciliation-court default judgment.

The record before us does not support the district court's determination that Ellis was not entitled to recover rent and late fees, nor does it support the order for rent abatement; therefore, we reverse the order for rent abatement and remand with instructions to enter judgement in favor of Ellis in the amount of $980.

**Affirmed in part, reversed in part, and remanded.**