REYES, Judge
Appellant-landlord argues that the district court erred in affirming the housing-court referee's determination that part of respondent-tenant's rent was not due because *26 tenant did not follow the procedures set forth in Minn. Stat. § 504B.385 (2016) before asserting a habitability defense to landlord's eviction action. We affirm.
FACTS
In February 2016, appellant landlord Andrew Ellis (landlord) and respondent tenant John Doe (tenant) entered into a written month-to-month agreement for the lease of a residential property located in Minneapolis (the property) by tenant in exchange for a monthly rental amount of $755.00 due on the first day of each month. Tenant experienced habitability problems when he took possession of the property, and contacted landlord on several occasions about the issues.
After landlord failed to complete the requested repairs, tenant contacted a city inspector about the habitability issues. On October 13, 2016, landlord received a notice from the City of Minneapolis informing him that a city inspector had inspected the property and found numerous violations of city ordinances. The notice required him to correct the violations within 30 days. Landlord failed to do so.
Tenant withheld rent in March 2017 after landlord failed to both correct the ordinance violations and rid the property of a raccoon that tenant alleged was living in the ceiling. Landlord filed an eviction action against tenant alleging nonpayment of $3,581.00 in rent and late fees, and sought return of the premises. Tenant filed an answer stating that he did not owe landlord the amount alleged and asserted a habitability defense pursuant to Fritz v. Warthen , 298 Minn. 54, 213 N.W.2d 339 (1973), arguing that landlord had violated the statutory covenants of habitability under Minn. Stat. § 504B.161 (2016).
The housing court held a hearing and issued an order scheduling a trial to determine the amount of rent, if any, that tenant owed landlord, and to address the habitability issues raised by tenant in his answer, including landlord's failure to complete the repairs required by the city-ordinance-violation notice. The housing court ordered tenant to pay the withheld rent into the court pursuant to Fritz and Minn. R. Gen. Pract. 608, which provide that the tenant shall deposit accruing rent with the district court as security when the tenant claims to be withholding rent in reliance on a defense. Tenant paid the withheld rent into the court the next day.
After receiving exhibits and hearing testimony from both parties, the housing court issued an order discrediting landlord's testimony and determining that tenant owed landlord $67.64 in past-due rent. But it concluded that tenant had demonstrated by a preponderance of the evidence that landlord had violated the statutory covenants of habitability and noted that tenant had suffered considerable loss of his use and enjoyment of the property. It determined that tenant owed landlord only part of the full rental amount for each month from October 2016 to April 2017, to continue until landlord completed the repairs specified in the city's notice.
On May 5, 2017, landlord requested that the district court review the housing court's decision. Landlord argued that tenant had not provided landlord with written notice of the violations of the statutory covenants of habitability pursuant to Minn. Stat. § 504B.385. The district court affirmed the housing court's order because tenant had asserted a successful defense for the breach of the statutory covenants of habitability. This appeal follows.
ISSUES
Was tenant required to follow the procedures set forth in Minn. Stat. § 504B.385, *27 before he asserted a habitability defense to an eviction action?
ANALYSIS
Landlord argues that the district court erred when it awarded retrospective and prospective rent abatement because tenant failed to provide notice of habitability violations to landlord pursuant to Minn. Stat. § 504B.385 before asserting a habitability defense. We disagree.
The resolution of this issue requires us to interpret section 504B.385 governing a rent-escrow action brought by a tenant in relation to a tenant's assertion of a habitability defense to a landlord's eviction action. "The interpretation of a statute is a question of law we review de novo." Cocchiarella v. Driggs , 884 N.W.2d 621, 624 (Minn. 2016). We interpret a statute's text according to its plain language if its meaning is unambiguous. Brua v. Minn. Joint Underwriting Ass'n , 778 N.W.2d 294, 300 (Minn. 2010). Additionally, "[w]hen the material facts are not in dispute, we review the lower court's application of the law de novo." In re Collier , 726 N.W.2d 799, 803 (Minn. 2007).
An eviction action is a summary proceeding to determine the present possessory rights to property. See Amresco Residential Mortg. Corp. v. Stange , 631 N.W.2d 444, 445-46 (Minn. App. 2001). A landlord may bring an eviction action against a tenant for nonpayment of rent. Minn. Stat. § 504B.291 (2016). Minnesota caselaw and statutes have recognized a limited number of defenses to an eviction action that a tenant may assert, one of which is breach of the statutory covenants of habitability that the supreme court first recognized in Fritz v. Warthen , 298 Minn. 54, 213 N.W.2d 339 (1973). Fritz held that a covenant in a lease for payment of rent and the statutory covenants of habitability are mutually dependent, and a breach of the statutory covenants may be asserted as a defense in an eviction action for nonpayment of rent. 298 Minn. at 58-59, 213 N.W.2d at 341-42. "Because the statutory covenants of habitability are made a part of every residential lease and are mutual with the covenant to pay rent, the rent, or at least part of it, is not due under the terms of the lease when the landlord has breached the statutory covenants." Id. at 59, 213 N.W.2d at 342. Here, although the housing-court referee and district court used language not employed in Fritz , in effect they concluded that "the rent, or at least part of it, is not due under the terms of the lease" because landlord breached the covenants of habitability.
Separate from a Fritz defense, Minn. Stat. § 504B.385 establishes a separate rent-escrow action brought by a tenant for a breach of the statutory covenants of habitability. Section 504B.385, subd. 1, details procedures that a tenant must follow before withholding rent and depositing it in escrow with the district court. The statute in relevant part states, "[T]he residential tenant must give written notice to the landlord specifying the violation" prior to depositing the withheld rent into escrow with the court. Minn. Stat. § 504B.385, subd. 1(c).
Here, landlord argues that tenant did not provide written notice of habitability violations prior to asserting a Fritz defense. But this argument would require the application of section 504B.385 rent-escrow action's requirements to tenant's assertion of a Fritz habitability defense to eviction. Fritz does not contain a written-notice requirement. Nor does section 504B.385 indicate that it applies to a Fritz habitability defense.
Section 504B.385 refers to a distinct definition of the "action brought under this section."
*28 Minn. Stat. § 504B.385, subd. 3. An "action" is a "judicial proceeding whose purpose is to obtain relief at the hands of the court." American Heritage Dictionary 17 (4th ed. 2000). A "proceeding" is "the instituting or conducting of legal action." Id. at 1398. But a defense is not an action. Instead, a defense is "[t]he action of the defendant in opposition to complaints against him or her." Id. at 475-76. It is clear from the plain language of the statute that an action instituted by a tenant is different from a defense asserted by a tenant in response to an eviction action brought by a landlord. Therefore, tenant was not required to follow the procedures set forth in section 504B.385 before asserting a Fritz habitability defense because the statutory cause of action is independent of a Fritz habitability defense.
Landlord relies heavily on our unpublished opinion in Ellis v. Thompson , No. A14-1991, 2015 WL 3823190 (Minn. App. 2015), to argue that we should reach the opposite conclusion. But we are not bound by unpublished opinions because they are not precedential. Minn. Stat. 480A.08, subd. 3 (2016) ("Unpublished opinions of the Court of Appeals are not precedential."); Skyline Village Park Ass'n v. Skyline Village L.P. , 786 N.W.2d 304, 309-310 (Minn. App. 2010).
Furthermore, Ellis was limited to the facts of that case. 2015 WL 3823190, at *4 ("Based on this record , the district court erred by concluding that [tenants] were entitled to rent abatement." (emphasis added) ). And Ellis is different in several key aspects. In Ellis , the tenants failed to prove violations of the statutory covenants of habitability. Id. at *3. The tenants in Ellis also failed to deposit rent into the court as required by Fritz and Minn. R. Gen. Pract. 608.[1] Landlord's reliance on Ellis is therefore misguided.
DECISION
The district court did not err in affirming the housing court's determination that tenant was not required to follow the procedures for a rent-escrow action under section 504B.385 prior to asserting a Fritz habitability defense.
Affirmed.

We also note that Ellis 's analysis of the interplay between a Fritz defense and a rent-escrow action did not apply to that case's holding, that the landlord did not violate the statutory covenants of habitability, and was therefore dictum. See State v. Rainer , 258 Minn. 168, 179, 103 N.W.2d 389, 396 (1960) ("Of course, a ruling not necessary to the decision of a case can be regarded as only dictum.").